WILLIAM HUMPHREY *v.* RICHARD DOUGLASS, JR.

A minor is answerable for a trespass committed by him, although he acts by command of his father.

A person, finding horses trespassing on his land, may turn them into the *See* $99 N.H.461.* highway, and is not liable, though they may be lost in consequence of being so turned into the highway.

THIS was an action of trespass on the case.

The plaintiff declared in three counts. In the two first counts, he alleged, that he was on the first day of May, 1836, possessed of two horses, which escaped from his enclosure, and went into the enclosure of one Richard Douglass, senior, the father of the defendant, and that the defendant, without notifying the plaintiff, turned said horses into the highway; that the said horses were never afterwards found, and were wholly lost to the plaintiff.

The third count was trover, for converting the horses to defendant's use. Plea—Not guilty. Issue to the country.

On the trial of the cause in the County Court, the plaintiff offered evidence tending to prove, that in May or June, 1836, he owned two horses, and on Saturday in the afternoon, put them into his own pasture, adjoining the meadow of Richard Douglass, senior, the father of the defendant; that on Sunday morning the horses were in said meadow, trespassing; that the defendant, who was then about fifteen years old, and lived with his father, drove said horses from said meadow, by the command of his father, into the public highway, whence they strayed away, and had never been heard of afterwards; that the plaintiff had been put to trouble in hunting after the horses, and, by reason of being deprived of them, had sustained considerable damage, for the want of a team to do his spring and summer work with.

Upon this evidence, the defendant requested the Court to charge the Jury; that, at law, no action could be sustained against the defendant; that the act of the defendant, (being a minor and the servant of his father) in turning the horses into the highway, by the command of his father, was not a trespass, inasmuch as the horses were trespassing on his father's land. The Court refused so to charge the jury, but instructed them, that if they believed that the horses went from the plaintiff's lot into the meadow of Richard Douglass,

sen., and were turned from said meadow into the highway, by the defendant, and were consequently lost, they must find for the plaintiff the value of the horses, and interest thereon, and that they were at liberty to give such further damages as the plaintiff had sustained, by being deprived of a team to do his work with, and for time spent, and expenses incurred, in procuring one. The Jury returned a verdict for the plaintiff, and the defendant excepted to the charge of the County Court.

*J. Maeck & F. G. Hill*, for defendant.

1. The defendant, being an infant, and acting by the command of his father, cannot be made responsible in this action. An infant, for an act done by the command of the parent, cannot be made responsible, unless it be for some wilful act, manifesting a wicked intent. He cannot be made a *tort feasor* by construction. 1 Dane's Abr. 143. 1 Esp. R. 172. 1 Keble, 905 and 913. *Johnson* v. *Pie*, 1 Lev. 169. *Manby* v. *Scott*, 1 Mod. 124. Noy, 129. *Jennings* v. *Randall*, 8 T. R. 337. *Sikes* v. *Johnson et al.* 16 Mass. R. 389. *Bullock* v. *Babcock*, 3 Wend. 391. *Campbell* v. *Stokes*, 2 Wend. 137.

2. The plaintiff was first in fault, in permitting his cattle to trespass on the land of defendant's father. *Rust* v. *Low et al.* 6 Mass. R. 90. Having been first in fault, it is difficult to find a principle, upon which the action can be sustained. *Bucklee* v. *Dry Dock Co.*, 2 Hall's N. Y. R. 151. *Buck* v. *Brainard*, 1 Cow. 78.

These cases show, that when the plaintiff is first in fault, he cannot recover; though the defendant has been guilty of gross negligence on his part.

The defendant had one of four courses, to adopt.

1. To put the horses back into plaintiff's lot ;
2. To put them into the pound ;
3. To turn them into the road, or
4. To take them to the plaintiff.

The first course would have been nugatory. The horses having once passed from the plaintiff's lot into the meadow adjoining, it is apparent that the fence was insufficient to restrain them. The second course he was under no legal obligation to adopt, (*Moore* v. *Robins*, 7 Vt. R. 363.) And the fourth, as the plaintiff was first in fault, he was not bound

to do. He, therefore, in accordance with the usage and cus- tom of the country, turned them into the road, as well he might. The following cases, directly in point, fully sustain him in doing so. *Cory* v. *Little,* 6 N. H. R. 213. *Knott* v. *Digges,* 6. Har. & Johns. 230. 5 Am. Dig. 11, 12.

*Wm. P. Briggs,* for the plaintiff.

The case is a novel one in this Court, still, it must be decided upon the well settled principles, which govern analogous cases. 3 Dane 25, and cases there cited.

It is apparent, that the plaintiff has lost his property by the act of the defendant, and not without some fault on the part of the defendant. No fault or negligence, on the part of the plaintiff, is shown, and, for aught that appears in the case, the horses escaped from the plaintiff's lot, and went into the meadow of Richard Douglass sen. through the insufficiency of Douglass' fences.

By the Roman law, where the loss of property must necessarily fall on some one, all the circumstances were to be considered, and the party, least innocent, must bear the loss, and this doctrine is sustained by numerous cases in the English books, and by the case of *Clark* v. *Foot,* 8 Johns. R. 329. See, also, 4 Dallas, 206, and 11 East, 570.

The defendant had a right to take care of the meadow of his father, but he must so exercise that right, as not to violate that ancient, necessary and wholesome maxim, *sic utere tuo ut alienum non lædas.* Upon the plainest principles of comity between individuals, in the social compact, as well as the more imperious obligation of the great moral law, the defendant was bound, either to restore the property to the plaintiff, or to give him immediate notice of the disposition he had made of it, because, by so doing, he would have put it in the power of the plaintiff to prevent its loss. 1 Jac. L. D. 515,-16,-17.

The opinion of the Court was delivered by

WILLIAMS, C. J.—The defendant, in this case, was acting by the consent of his father, and although a minor, yet, if he has occasioned an injury to the plaintiff, he must be answerable therefor. An infant, acting under the command of his father, as a wife in the presence of her husband, might be excused from a prosecution for a crime, if it should appear that the intent was wanting, or that he was acting under con-

Chittenden
*January,*
1838.

Humphrey
*v.*
Douglass.

straint; yet, he is answerable *civiliter* for injuries he does to another. The person, who has sustained an injury, looks for redress to the person committing it, and he is not bound to inquire whether another has caused the injury, against whom he might also have an action. In the present case, if the plaintiff has any remedy, he can have it against the defendant, who did the wrongful act, without inquiring whether he acted by the command of his father.

In the present case, however, we are of the opinion, that if he has suffered any damage, it was occasioned by his own wrongful act, in permitting his cattle to tresspass on the land of the defendant's father. Whenever any person finds the cattle of another wrongfully in his enclosures, he may turn them out, and if they stray away and are lost, it is because the owner has not taken sufficient care to keep them within his own enclosures. The defendant, who acted under the command of his father, was fully justified in turning the horses into the road, and was under no obligation either to drive them to the public pound, or to the house of the owner.

The decision, which was read from the reports in the State of New Hampshire, is in accordance with the principles of the common law, well established, and of undoubted authority.

The judgment of the County Court must, therefore, be reversed and a new trial granted.