# COUNTY OF WASHINGTON.

### ATKINS SCOTT *versus* CHARLES WATSON.

An infant is liable in *trespass quare clausum*, though the trespass complained of was committed by the express command of his father.

ON FACTS AGREED.

TRESPASS *quare clausum*, tried before the Municipal Court of Calais.

The facts appear in the opinion of the Court.

*J. Granger*, for plaintiff, cited *Haycroft* v. *Creasy*, 2 East, 104; 2 Greenl. Ev. § 368; Parsons on Contracts, title Torts of Infants; 6 Dane, 132; 2 Kent's Comm. 241; 10 Verm. 71; 9 N. H., 441; *Denny, petitioner,* 11 Pick. 265; *Stearns* v. *Foss,* 18 Maine, 19; *Porter* v. *Sherman,* 21 Maine, 258; *Winslow* v. *Anderson,* 4 Mass. 376; 1 Chitty's Pl. 165; *Ex parte Leighton,* 14 Mass. 207; *Lewis* v. *Littlefield,* 15 Maine, 233; *Wallace* v. *Morse,* 5 Hill; *Bullock* v. *Babcock,* 3 Wend.

391; *Vasse* v. *Smith,* 6 Cranch, 226; *Higgins* v. *York,* 5 Mass. 341.

*G. W. Dyer,* for defendant, argued—

That the *animus* with which torts are committed, is material. *Vosburgh* v. *Moak & als.* 1 Cush. 453; *Brown* v. *Kendall,* 6 Cush. 292; Story on Contracts, § § 65, 66, and notes; *Jennings* v. *Randall,* 8 Term R., 335.

The opinion of the Court was drawn up by

APPLETON, J.—This is an action of trespass *quare clausum,* for breaking and entering the plaintiff's close and carrying away his hay; to which the only defence interposed is, that the defendant was a minor, acting under the authority and by the direction of his father.

"*Trespasse. Transgressio, derivatur a transgrediundo,*" (says Lord COKE, as cited by the learned counsel for the defendant,) "because it passeth over that which is right." Coke's Ins. 56, b. Now, the defendant, by entering without the plaintiff's license or permission upon his land, and cutting and carrying away his hay, very much "passeth *over* that which is right." Nor is his infancy any defence, for infants are liable for torts. *Campbell* v. *Stokes,* 2 Wend. 137; *Fitts* v. *Hall,* 9 N. H. 441; *School District in Milton* v. *Bragden,* 3 Foster, 507; *Lewis* v. *Littlefield,* 15 Maine, 233. The parent is not answerable for the torts of his minor child, committed in his absence and without his authority or approval, but the minor is answerable therefor. *Tifft* v. *Tifft,* 4 Denio, 177. The minor is not exempt from liability, though the trespass was committed by the express command of the father. *Humphrey* v. *Douglas,* 10 Verm. 71.

Nor can the defendant derive any support from the scriptural injunction to children of obedience to their parents, invoked in defence. No such construction can be given to the command "children obey your parents in the Lord, for this is right," as to sanction or justify the trespass of the son upon the land of another, and the asportation of his crops,

even though done by the express commands of his father. The defence is as unsound in its theology as it is baseless in its law. *Defendant defaulted for* $10.

TENNEY, C. J., CUTTING, DAVIS, and KENT, J. J., concurred.

The following dissenting opinion was read by

MAY, J.—I am not quite satisfied with either the law or the theology of the opinion in this case. That sins of ignorance may be winked at, is both a dictate of reason and of scripture. It is true, as a general rule, that infants who have arrived at the age of discretion are liable for their tortious acts. But, for the protection of infants, ought not the rule to. be limited to cases where the infant acts under such circumstances that *he must know or be presumed to know* that the acts which he commits are unauthorized and wrong, when it appears that in the commission of the acts he was under the control and direction of his father? Will not an opposite doctrine tend to encourage disobedience in the child, and thus be subversive of the best interests of the community? Will it not also tend to subject him to embarrassment and insolvency when he shall arrive at full age? If all the members of a family under age are to be held liable in trespass or trover for the food which they eat, when that food is in fact the property of another, but, being set before them, they partake of it, in ignorance of such fact, by the command or direction of the parent, and under the belief that it is his, will not such a doctrine be in conflict with the principle that the common law is intended as a shield and protection against the improvidence of infancy? While the decided cases upon this subject seem to be limited to cases of contract, is there not the same reason for extending it, and applying it to cases like the one before us? In all the cases which I have examined in which infants have been held liable, the proof shows acts of positive wrong committed under circumstances where the infant must have known the nature and character of his acts. If the doctrines of the opinion are to prevail in a case like this, then

the common law is but the revival of the old doctrine that the parents, by eating sour grapes, have set the children's teeth on edge. The rule that a servant who acts in ignorance of the rights of his principal is to be held liable for his acts, does not fall within the principles for which I contend.