GEORGE N. ELWELL, ET AL.
*vs.*
EBEN ELWELL, ET AL.

Waldo.   Opinion, November 11, 1960

*Harmon & Nichols by David A. Nichols,* for plaintiff.

*Eaton & Glass by Richard W. Glass,*
*George A. Wathen, Asst. Atty. Gen.,*
*Verrill, Dana, Walker, Philbrick & Whitehouse*
    *and Roger A. Putnam for First Nat'l*
    *Bank of Belfast,* for defendant.

SITTING: WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.
WILLIAMSON, C. J., did not sit.

DUBORD, J.   This is an appeal filed in accordance with
M. R. C. P. 73, from the decision of a single justice granting
motions to dismiss plaintiffs' complaint.

Nine of the plaintiffs describe themselves as residents and
taxable inhabitants of the Town of Brooks, in the County

of Waldo and State of Maine. The remaining five plaintiffs describe themselves as residents and taxable inhabitants of the Town of Monroe, in the aforesaid County.

The defendants are the eleven men elected as Directors of School Administrative District No. 3, hereinafter referred to as SAD No. 3, the organization of which was authorized under the provisions of Section 111-A through 111-U, Chapter 41, R. S., 1954, first enacted as Chapter 364, P. L., 1957 and reenacted by Chapter 443, P. L., 1959, and known as the Sinclair Act, the Treasurer of the State of Maine, and the First National Bank of Belfast.

The plaintiffs asserting that the issuance of a certificate of organization to SAD No. 3 was in violation of constitutional limitations, seek to enjoin the alleged Directors of SAD No. 3 from exercising the rights and powers of school directors and from raising money by taxation. They further seek to enjoin the State Treasurer from paying out further tax monies to SAD No. 3; and they seek to enjoin The First National Bank of Belfast from making, extending, or renewing loans which pledge the credit of SAD No. 3.

The plaintiffs maintain in argument that their complaint is brought under the general equity jurisdiction of the court, viz., Section 4 (XIV) Chapter 107, R. S., 1954. The defendants, on the other hand, aver that the action is brought as a so-called "ten taxpayers' suit," under the provisions of Section 4 (XIII), Chapter 107, R. S., 1954. However, this distinction becomes only academic in view of the opinion we propose to express.

The basic contention is that the issuance by the School District Commission of a certificate of organization to SAD No. 3, having been made without notice and without hearing, is void and in violation of the Fourteenth Amendment of the Constitution of the United States.

The defendants who are the Directors of SAD No. 3 filed a motion to dismiss the complaint on the grounds that the plaintiffs have no rights, privileges, immunities, liberties or property that could, in any way, be abridged or of which they could be deprived under the provisions of Article 14 of the Constitution of the United States, by virtue of the alleged failure of the School District Commission to grant notice and hearing, before the issuance of the certificate of organization to SAD No. 3.

The Treasurer of State moved that the action be dismissed upon the theory that an action against the Treasurer of State was equivalent to an action against the sovereign State of Maine and could not be maintained; and also that the complaint failed to state a claim against him, upon which relief could be granted. The First National Bank of Belfast filed a motion to dismiss the complaint for the alleged reason that it failed to state a claim or cause of action upon which relief could be granted.

Although there is nothing in the pleadings covering these points, it appears that in argument before the presiding justice, the defendants advanced, as further reasons for a dismissal of the complaint, the fact that SAD No. 3, an alleged indispensable party to the action had not been joined as a party defendant; and also that the School District Commission, another alleged indispensable party, had not been joined as a party defendant.

The presiding justice, after consideration of the matter, ruled as follows:

(1)   That SAD No. 3 was an indispensable party. However, he did not base his final opinion upon this point, recognizing that under M. R. C. P. 19 (b), SAD No. 3 could be made a party to the action.

(2)   That the School District Commission, although it might well be a proper party, was not an indispensable party.

(3)   That the present complaint against the Treasurer of State, in his official capacity, was a suit against the State and could not be maintained, except upon consent of the State; and

(4)   That the plaintiffs are precluded by force of the provisions of Section 111-G of the Sinclair Act which reads as follows:

> "The issuance of such certificate by the school district commission shall be conclusive evidence of the lawful organization of the school administrative district."

Pursuant to M. R. C. P. 75 (d), the plaintiffs-appellants gave notice that they would rely in their appeal upon the following points:

> "1.   The Court erred in ruling that the purported School Administrative District No. 3 was an indispensable party to this action.
>
> "2.   The Court erred in granting the motion to dismiss the complaint as to the Defendant, Frank S. Carpenter in his capacity as State Treasurer.
>
> "3.   The Court erred in granting the motion to dismiss the complaint for failure to state a claim upon which relief can be granted."

The issues before us are, therefore, clearly specified by the foregoing points set forth in the record on appeal.

The plaintiffs, having placed their main reliance upon the third point, viz., that the issuance of a certificate of organization to SAD No. 3, was void because it was made without notice and without hearing, we give this question our first consideration.

The same issue was squarely raised in the case of *McGary* v. *Barrows,* 156 Me. 250, 163 A. (2nd) 747, which was a petition for a declaratory judgment seeking a determination by this court on the constitutionality of that portion of Section 111-G of the Sinclair Act, which provides that the issuance of a certificate of organization by the school district commission shall be conclusive evidence of the lawful organization of a school administrative district.

In the *McGary* case this court, after asserting that it found no improper delegation of legislative power in this portion of the statute, had this to say:

> "The remaining objection to Sec. 111-G relates to the conclusive effect of the certificate of organization. Here again we see no objection under the constitution to the action of the Legislature in making such a certificate conclusive evidence of the fact of incorporation.
>
> "The intention of the Legislature is plain and certain, that the certificate of organization issued by the School District Commission shall be conclusive evidence of its lawful organization.
>
> "The question before us is whether the Legislature has exceeded its constitutional powers and this we find was not the case. We hold, therefore, there are no constitutional objections to the exercise by the School District Commission of the powers set forth in Sec. 111-G, and further, that the lawful organization of School Administrative District No. 9 is conclusively evidenced by the certificate of the School District Commission issued under Sec. 111-G."

The finding of this court in the *McGary* case is conclusive upon the issues raised in the instant case. It is unnecessary for us to consider the other issues relating to whether or not SAD No. 3 is an indispensable party and whether or not an action of this type can be maintained against the State Treasurer in his official capacity. Neither it is neces-

sary for us to express any opinion upon the effect of the validation statute, enacted by the Maine Legislature, namely, Chapter 221 of the Private and Special Laws of 1959.

The entry will be:

> *Appeal dismissed, with costs.*
>
> *Decree below affirmed.*