CARROLL F. BLACKSTONE, ET AL.
*vs.*
EDMUND ROLLINS, ET AL.

Aroostook.   Opinion, February 27, 1961.

*Solman & Solman,* for plaintiff.

*Philips & Olore,*
*George A. Wathen,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J.    This case is before us on appeal of the plaintiffs, filed in accordance with M. R. C. P. 73, from a decision of a single justice granting motions to dismiss plaintiffs' complaint.

The plaintiffs are ten in number and describe themselves as residents and taxpayers of the Town of Perham, Maine, which town is one of six towns composing School Administrative District No. 2, hereinafter referred to as SAD No. 2, organized under the provisions of the Sinclair Act, so-called. The complainants seek declaratory relief under the provisions of Sections 38 to 50, inclusive, R. S., 1954, Chap. 107.

The defendants are the Directors of SAD No. 2, the Maine School District Commission, Inhabitants of the Town of Perham, the Treasurer of the Town of Perham, Inhabitants of the Town of Washburn, the Superintendent of Schools of SAD No. 2, who is also sued in his capacity as Treasurer of SAD No. 2, Inhabitants of the Towns of Castle Hill, Mapleton, Wade, and Chapman, the Attorney General of the State of Maine, the Treasurer of the State of Maine and the acting Commissioner of Education.

SAD No. 2 is not joined as a defendant.

The complaint consists of twenty-two paragraphs together with a final prayer for declaratory and injunctive relief.

Without specifying in detail the contents of the numbered paragraphs, with the exception of four paragraphs to which subsequent reference will be made, plaintiffs' contention is that SAD No. 2 was not properly organized and the conclusiveness of the certificate of the Maine School District Commission provided for by 111-G of the Sinclair Act, is attacked. All of these allegations, with the exception of the four paragraphs hereinabove referred to, relate to matters which took place before the date of the certificate of organization.

In these paragraphs are to be found allegations of failure to strictly comply with the provisions of the statute, among which allegations, without attempting to enumerate all of them, are averments that the Town of Perham was not a member of SAD No. 2, because the School Administrative District was not in existence at the time when the Town of Perham voted to withdraw from the District; that the Town of Perham had failed to elect a school director; that the vacancy created by the town's failure to elect a director was not legally filled; that the oath of office was not properly administered to some of the directors; that the directors did not properly organize; that the vote in the Town of Washburn to assume its proportionate share of the indebtedness of the School Administrative District was not in conformity with the law and invalid; and, in short, that the School Administrative District, not having been properly organized, the acts of the directors thereof are null and void.

Most of the paragraphs purport to allege a certain set of facts and contain a prayer for relief. This manner of pleading is not in accordance with the Maine Rules of Civil Procedure and is not to be commended.

The rules contemplate that the pleader shall set forth plainly and concisely in numbered paragraphs, facts showing that the pleader is entitled to relief; and after these

facts have been pleaded, the petition or complaint should end with a prayer specifying the relief which is sought.

See M. R. C. P. 8 (a) to the effect that:

"A pleading which sets forth a claim for relief - - shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled."

See also M. R. C. P. 10 (b) to the effect that:

"All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

The mode of pleading and request for relief adopted in the instant petition or complaint is one than can lead only to confusion.

In their final prayer, the plaintiffs ask for the following relief:

(1)   That it be determined that the Town of Perham is not a part of SAD No. 2.

(2)   That any assessment rendered against the Inhabitants of the Town of Perham for school operational expenses and capital outlay and debt service for the operation of the schools within SAD No. 2, be declared void, unconstitutional and ineffective.

(3)   That the Inhabitants of the Town of Perham be not required to pay any such assessment, and that all defendants be enjoined from enforcing the collection of such assessment against the Inhabitants of the Town of Perham.

(4)   That the defendants who are the Directors of SAD No. 2, be enjoined from raising money by taxation.

(5)   That the Treasurer of the State of Maine be enjoined from paying out further tax monies to SAD No. 2.

(6) That the Town Treasurer of Perham be enjoined from paying to SAD No. 2, the assessment made by the Directors of SAD No. 2.

(7) That the Treasurer of SAD No. 2, be enjoined from issuing a warrant for the collection of such assessment against the Inhabitants of the Town of Perham and from otherwise enforcing any of the provisions relating to the collection of such assessment.

Then there is a prayer for general relief.

The defendants, the Maine School District Commission, the Attorney General, the State Treasurer and the Commissioner of Education, filed a motion to dismiss the complaint on the ground that there is failure to allege a claim upon which relief can be granted because the certificate of organization provided for in Section 111-G, Chapter 41, R. S., 1954 is conclusive evidence of the lawful organization of SAD No. 2.

The defendants who are the elected Directors of SAD No. 2, its Superintendent of School and its Treasurer, together with the Inhabitants of the Towns of Washburn, Castle Hill, Mapleton, Wade, and Chapman, filed a motion that the complaint be dismissed for the same reason alleged in the motion made by the other four defendants previously referred to, but the motion of these defendants is broader in that it contains a general allegation that the complaint fails to allege a claim upon which relief can be granted.

The Town of Perham and its Treasurer filed no pleadings and, insofar as the record discloses, no appearance.

The presiding justice, ruling that the certificate of organization of SAD No. 2 was conclusive, dismissed the complaint.

Thereupon, the plaintiffs appealed and set forth in their statement of points to be relied upon the following procedures in which they allege the presiding justice erred:

"1)   In dismissing the complaint.

"2)   In dismissing the plaintiffs' petition for a declaratory judgment.

"3)   In holding and deciding that the issuance of the certificate of organization by the School District Commission forecloses any investigation into the regularity of the organization of the District.

"4)   In holding and deciding that the legality of a School Administrative District cannot be challenged after the issuance of the certificate by the School District Commission under the provisions of Section 111-G of the Act.

"5)   In holding and deciding to dismiss plaintiffs' petition for a declaratory judgment without giving plaintiffs an opportunity to be heard on the question as to whether or not the assessment levied against the Inhabitants of the Town of Perham is a valid assessment.

"6)   In dismissing the petition for declaratory judgment without giving plaintiffs an opportunity to be heard on the various questions and matters set forth in said petition and on which said court was asked to render an opinion, the court having refused to decide or to permit plaintiffs to be heard on the matters and questions set forth in paragraphs 5 to 22, inclusive."

The record indicates that the Maine School District Commission issued a certificate of organization to SAD No. 2 on July 17, 1958. The date of this certificate is subsequent to a date of a meeting held in the Town of Perham on July 1, 1958, at which time it was voted in the affirmative by the Inhabitants of the Town of Perham to join the District.

A new certificate of organization was issued by the Maine School District Commission on October 31, 1958. The record does not indicate the reason for the issuance of this second certificate. However, by force of the first certificate of

organization, SAD No. 2, with Perham included, was already in existence at the time the Inhabitants of the Town of Perham, on October 4, 1958, voted to rescind its prior action to join the District, and this subsequent action on the part of the Inhabitants of the Town of Perham, in no manner affects the issue of organization now before us.

This court decided in the very recent case of *McGary* v. *Barrows*, 156 Me. 250, 163 A. (2nd) 747, that the Legislature was within its prerogative when it provided that a certificate of organization issued by the School District Commission shall be conclusive evidence of its lawful organization. This formal expression of applicable law was reiterated in the recent opinion of this court in *Elwell* v. *Elwell*, 156 Me. 503; 167 A. (2nd) 18.

Moreover, the Legislature by the provisions of Chapter 220, Private and Special Laws of 1959 reconstituted, established and validated SAD No. 2.

It having been decided in the *McGary* case, as well as in several other decisions of this court that the Legislature may create school districts without even referring the matter to the people of the communities involved, it inevitably follows that the Legislature may validate, reconstitute and establish a school district, the original organization of which may be clouded with failure of strict compliance with statutory provisions relating to procedure. In the case of a school administrative district, organized under the Sinclair Act, such legislative act of validation precludes successful attack against all acts relating to organization occurring prior to the date of the certificate of organization issued by the Maine School District Commission.

The plaintiffs, recognizing the barrier created by the decision in the *McGary* case, insofar as most of their allegations are concerned, now advance the argument that while the court below did not err in respect to allegations em-

braced within the *McGary* opinion, they nevertheless, should have been given an opportunity to be heard on other allegations in the petition or complaint.

These other allegations relate to the validity of the assessment levied against the Inhabitants of the Town of Perham and to other matters set forth in the petition, and specifically these matters are set forth in paragraphs 15 to 18, inclusive, of the complaint.

These points are saved in behalf of the plaintiffs by paragraphs 5 and 6 in plaintiffs' statement of points to be relied upon on appeal.

We give our attention first to the point preserved as No. 5, which relates to the assessment levied against the Inhabitants of the Town of Perham which the plaintiffs say is invalid.

The allegations concerning the assessment about which the plaintiffs now complain are contained in paragraph 1 of the complaint.

A careful study of the allegations in this paragraph clearly shows that the alleged invalidity of the assessment was based upon the theory that SAD No. 2, was not legally organized. This being true, the *McGary* opinion answers any issue raised by this paragraph and the presiding justice was correct in dismissing the complaint insofar as this paragraph was concerned.

Giving consideration now to the sixth paragraph of plaintiffs' statement of points to be relied upon on appeal, without the necessity of detailing the contents of the numbered paragraphs therein, it is not difficult to determine that the matters set forth in all of these paragraphs of the complaint, with the exception of paragraphs 15 to 18, inclusive, are all answered by the decision in the *McGary* case, as well as by the validation statute, viz., Chapter 220, Private and Special Laws of 1959.

Our attention is now directed to paragraphs 15, 16, 17, and 18, of the complaint, listed in plaintiffs' point No. 6. Allegations in these paragraphs relate to matters occurring after the date of the certificate of organization and are particularly applicable to actions taken on the school operating budget and on a proposed bond issue.

Paragraph 15 alleges failure to comply with the provisions of Section 111-S (V) which specifies that the school directors shall appoint a resident of the district to make and keep a voting list of all residents in the district eligible to vote; that this person shall be known as the registration clerk; that the registration clerk shall compile his voting list from the voting list of all the municipalities lying within the school administrative district. It is further provided that at least fourteen days before any budget meeting, the registration clerk shall bring his voting list up to date by comparing his list with those voting lists found in the municipalities within the school administrative district and by making such additions and deletions as he finds necessary.

There are no allegations in this paragraph that any persons voted at the district meetings who had no right to vote; or that any person was deprived of voting. Neither are there any allegations of irregularities or fraud arising from the alleged failure to comply with this section of the statute.

We will revert to paragraph 15.

In paragraph 16 of the complaint, it is averred that a budget meeting was called to be held on February 16, 1959, at which time the budget submitted by the school directors for operational expenses was approved by a majority vote. It is further alleged that no voting list was used and that as a consequence, the budget was not properly voted upon. The last sentence in this paragraph to the effect that the directors were not authorized to call the meeting because

they were not a legally constituted board of directors would seem to indicate that the basic contention of the plaintiffs is that no lawfully organized district was in existence, by reason of the unconstitutionality of Section 111-G which provides that the certificate of organization issued by the School District Commission is conclusive evidence of lawful organization.

This last contention is, of course, taken care of by the *McGary* opinion. Moreover, this issue is resolved by the provisions of Section 111-L to the effect that:

> "If a budget for the operation of the school administrative district is not approved prior to April 1st in any given year, the budget as submitted by the school directors for operational expenses, reserve fund and capital outlay purposes shall be automatically considered the budget approved for operational expenses in the ensuing year, - - -."

This being true, even though there might have been a failure to comply strictly with the provisions of Section 111-S (V), the budget submitted by the school directors, in any event, automatically became the budget for the ensuing year, by force of the provisions of Section 111-L.

The plaintiffs take nothing under their paragraph 16, and the order of dismissal in relation thereto was properly entered.

Paragraph 17 of plaintiffs' complaint alleges in substance that a district meeting, called under the provisions of Section 111-T, held on the second Tuesday of February 1959, for the purpose of voting upon the approval of a bond issue, resulting in an aggregate negative vote, was not legally called. It is further alleged that improper notices of the proposed district meeting were given to the towns comprising SAD No. 2. There is no allegation as to the nature of this alleged improper notice.

In any event, in view of the fact that the vote resulted in a negative total, it would appear that this paragraph is superfluous and requires no consideration.

In paragraph 18, allegations similar to those in paragraph 17, are set forth in relation to another district meeting held on the fourth Thursday of February, 1959, at which time a majority of those present and voting, cast their ballots in the affirmative, in respect to the proposed bond issue. In this paragraph it is also alleged that improper notices for the calling of the district meeting were given to all towns composing SAD No. 2. Allegation is further made that because of failure to comply with Section 111-T of Chapter 41, any action taken at the meeting was void and the court was asked to nullify the action of the voters.

Section 111-T, Chapter 41 sets forth in detail the steps which are to be taken in relation to the calling of a district meeting. The complaint alleges failure of compliance without specific allegation of the nature of such failure.

We have disposed of paragraphs 16 and 17. Now, what of paragraphs 15 and 18?

We have already pointed out that the allegations in paragraph 15 are merely to the effect that there was failure to appoint a registration clerk as provided by statute, with no specific allegations of fraud or irregularity arising by reason of such failure.

Before the promulgation of the new rules, the allegations in this paragraph might well be considered insufficient and liable to successful attack on demurrer, now supplanted by a motion to dismiss.

The same thing can be said for paragraph 18 where no specific allegation is made as to the manner in which plaintiffs claim the provisions of Section 111-T were violated or not complied with.

If we regard the motion to dismiss in respect to paragraphs 15 and 18 in the nature of a demurrer, under the procedure which existed prior to the new rules the presiding justice would have been justified in ordering dismissal on the theory that the allegations contained therein were inadequate, albeit perhaps subject to amendment.

In the light of the new rules of pleading, a question now arises as to whether or not the motion to dismiss, as to these two paragraphs, was properly sustained.

While a motion to dismiss for failure to state a claim upon which relief can be granted is now equivalent to a general demurrer under prior practice, as pointed out in Maine Civil Practice by Field and McKusick, Section 12.11, Page 167, the approach in a motion to dismiss is markedly different from an approach to a demurrer.

> "Rule 12 (b) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This serves the function of the general demurrer under prior practice and tests the legal sufficiency of the complaint. All well-pleaded material allegations are taken as admitted for the purposes of the motion, but not conclusions of law from the facts alleged.

> "The approach is markedly different, however, from the approach to a demurrer. 'All pleadings shall be so construed as to do substantial justice.' Rule 8 (f). On a motion to dismiss, pleadings are construed in favor of the pleader. It is not necessary, as in the past, to state all the facts necessary to constitute a good cause of action. The Supreme Court has gone so far as to say that the motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' This statement and like ones in the cases cited should not, however, be wrested from their context. The complaint must 'contain . . . a statement . . . *showing* that the pleader is

entitled to relief.' This can scarcely mean that dismissal will result only if there is an affirmative showing in his complaint that he cannot recover. What is intended, as demonstrated by the cases cited, is that if fair notice of the claim is given, the complaint is not fatally defective because of the failure to allege in nonconclusory form every fact essential to recovery. The 'showing' that the pleader is entitled to relief must be made, but it may be in general terms which would not have survived a demurrer under prior practice. The objective is to avoid wasting time fighting over mere deficiencies of statement, easily corrected in any event by amendment, which do not go to the real merits of the claim. See Section 8.2 above."

It would, therefore, seem that while the pleadings of the plaintiffs in the instant case in paragraphs 15 and 18 might be considered inadequate prior to the new rules, that under the new rules the allegations may well be deemed sufficient; and if the defendants had desired more specific allegations, the provisions of Rule 12 (e) M. R. C. P. were available to them.

We are of the opinion that the plaintiffs were entitled to be heard on the allegations contained in paragraphs 15 and 18, and that in respect to these two paragraphs, the motion to dismiss was improperly allowed. Our judgment is that the appeal in respect to all allegations in plaintiffs' complaint, with the exception of those in paragraphs 15 and 18, should be denied, but as to the allegations in paragraphs 15 and 18, the appeal should be sustained, and the cause remanded to the Superior Court for further proceedings. No costs to be awarded to either side.

*So Ordered.*