Rhonda White **MERCHANT**

v.

Richard **MANSIR.**

Supreme Judicial Court of Maine.

Argued March 19, 1990.

Decided April 2, 1990.

Sheldon J. Tepler (orally), Hardy, Wolf & Downing, Lewiston, for plaintiff.

Paul S. Douglass, Robert V. Hoy (orally), Platz & Thompson, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

This case concerns the duty a parent undertakes with respect to the activities of his 11 year-old child. Adopting for Maine the principles set forth in the *Restatement (Second) of Torts* § 316 (1985), we find no breach of the standard of care and therefore affirm the judgment of the Superior Court (Kennebec County, *Alexander, J.*).

Construing the facts most favorably to the plaintiff, the jury could have found the following. Rhonda Merchant's mother permitted her daughter to go to Donny and Diane Ouellette's home after school on the express assurance by the Ouellette children's mother that they would be supervised by an adult. In fact, when Rhonda Merchant arrived at the Ouellette home no adults were present. She and her friend Diane played around the house and ultimately went riding on bicycles that had been leaning against the garage. The bicycle Rhonda Merchant rode had defective brakes. As a result, she was involved in a serious collision with an automobile and incurred substantial injuries. A number of bicycles, whole and broken, as well as bicycle parts, could frequently be found on the premises. Diane's twin brother Donny enjoyed fixing bicycles.

Rhonda Merchant brought this lawsuit against Richard Mansir, Donny and Diane's stepfather. Mansir moved for a directed verdict at the close of Merchant's case and at the close of all the evidence. The Superior Court took the motion under advisement and submitted the case to the jury. The jury returned a verdict in Merchant's favor in the amount of $60,000. On a motion for judgment notwithstanding the verdict the court subsequently entered judgment for Mansir. Merchant has appealed.

The fact that Mansir permitted broken bicycles to remain on his premises cannot alone support the verdict of negligence, for Merchant's sole theory of recovery at trial was based upon the obligation of a parent with respect to supervising the activities of his minor children. In defining the scope

of such a duty we apply (as did the parties at trial and on appeal) the principle set forth in the *Restatement (Second) of Torts* § 316 (1985):

> A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it ... from so conducting itself as to create an unreasonable risk of bodily harm to [others], if the parent
>
>> (a) knows or has reason to know that he has the ability to control his child, and
>>
>> (b) knows or should know of the necessity and opportunity for exercising such control.

The relevant conduct of a minor child here involved a child's loan of a bicycle without brakes to Rhonda Merchant. There is simply no evidence in the record, however, that the defendant even knew that Rhonda Merchant was visiting his home, let alone that she and Diane would go bicycle riding or use a defective bicycle. Thus, assuming that a stepchild's conduct created an unreasonable risk of bodily harm to Rhonda Merchant, there is no evidence that Mansir knew or should have known that he needed to control his stepchild in that respect. Because we find that there was no breach of even a parent's standard of care, we do not decide whether the defendant had any reduced obligation as a stepparent.

The entry is:

Judgment affirmed.

All concurring.