Lorraine **RICHARDS**

v.

Roger **SOUCY, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 12, 1992.
Decided July 14, 1992.

---

John W. Philbrick, Lowry & Associates, Portland, for plaintiff.

John C. Walker, Philip C. Mancini, John C. Walker & Associates, P.A., Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Plaintiff Lorraine Richards, individually and as next friend of her son, Aaron Richards, appeals from an order of the Superior Court (Androscoggin County, *Alexander, J.*) dismissing her amended complaint against defendants Roger and Denise Soucy for injuries sustained by Aaron while playing with the Soucys' minor child. The amended complaint, alleging negligence on the part of the Soucys for failure to appropriately supervise the children's play, was dismissed for failure to state a claim on which relief can be granted. M.R.Civ.P. 12(b)(6). We conclude that the amended complaint satisfies the requirements of notice pleading and that it sufficiently states a claim. Accordingly, we vacate the order of dismissal.

On July 9, 1990, Roger and Denise Soucy invited Aaron to their home to play with their son. Aaron fell and was injured while the two boys were playing on the swing set in the yard. Lorraine Richards, Aaron's mother, filed a complaint against Roger Soucy in June 1991. This original complaint merely alleged that Aaron was playing on the monkey bars at the Soucy home when the Soucy boy caused Aaron to fall and get hurt. The complaint then alleged that the "above-described accident was caused solely and directly by the negligence of [the parent, Roger Soucy]."

Soucy moved to dismiss the complaint pursuant to M.R.Civ.P. 12(b)(6) arguing that the complaint failed to state a proper claim of negligence on his part and that generally, a parent is not liable for the negligence of his or her minor child. After a hearing, the court (*Delahanty, C.J.*) granted Soucy's motion to dismiss, but accorded Richards an opportunity to amend the complaint to comply with *Merchant v. Mansir*, 572 A.2d 493 (Me.1990), and the *Restatement (Second) of Torts* § 316.[1]

Richards filed an amended complaint adding Denise Soucy as a defendant and alleging that Aaron went to the Soucy home in response to an invitation, that the Soucy boy "negligently or intentionally" caused Aaron to fall from the monkey bars, and that the injuries sustained by Aaron "were directly and proximately caused by Defendants' negligent failure to appropriately supervise the children's play." Roger and Denise Soucy moved to dismiss the amended complaint pursuant to M.R.Civ.P. 12(b)(6) on the ground that it failed to comply with the elements set out in the *Restatement* in that it failed to specifically allege that the parent knew or should have known of any necessity to control their child's conduct. After hearing, the court

---

1. In *Merchant v. Mansir*, 572 A.2d 493 (Me. 1990), we adopted for Maine the principles set forth in the *Restatement (Second) of Torts* § 316 (1965). Section 316 provides:

§ 316. Duty of Parent to Control Conduct of Child

A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

(a) knows or has reason to know that he has the ability to control his child, and

(b) knows or should know of the necessity and opportunity for exercising such control.

Prior to *Merchant,* the common law rule in Maine was that a parent was not liable for the torts of a minor child that were committed in the parent's absence and without the parent's approval. *See, e.g., Maddox v. Brown,* 71 Me. 432 (1880); *Scott v. Watson,* 46 Me. 362 (1859). There is a statutory cause of action against a parent for the willful and malicious damage or injury caused by a minor child. 19 M.R.S.A. § 217 (1980). Liability under this statute is capped at $800. *Id.*

(*Alexander, J.*) granted the motion and dismissed the case. Richards appealed.

 "In modern pleading practice, the purpose of the complaint is to provide the defendant with fair notice of the claim against him." *Vahlsing Christina Corp. v. Stanley,* 487 A.2d 264, 267 (Me.1985); *see E.N. Nason, Inc. v. Land–Ho Dev. Corp.,* 403 A.2d 1173, 1177 (Me.1979); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.11 at 249 (2d ed. 1970). This notice-giving function of pleading is "sufficiently performed by a rather generalized statement." 1 Field, McKusick & Wroth § 8.2 at 192–93; *see Casco Bank & Trust Co. v. Rush,* 348 A.2d 239, 241 (Me.1975).[2] This court, on a number of occasions, has held that a motion to dismiss a complaint for failure to state a claim should not be granted if the pleading alleges facts that would entitle the plaintiff to relief upon some theory, or if it avers every essential element of recovery. *See, e.g., Vahlsing Christina Corp.,* 487 A.2d at 267; *Stanley v. Schiavi Mobile Homes, Inc.,* 462 A.2d 1144, 1147 (Me.1983). We have also stated that a complaint is sufficient unless it appears to a certainty the plaintiff is entitled to no relief under any set of facts he might prove in support of his claim. *MacKerron v. MacKerron,* 571 A.2d 810, 813 (Me.1990); *Jones v. Billings,* 289 A.2d 39, 40–41 (Me. 1972); *Richards v. Ellis,* 233 A.2d 37, 38 (Me.1967).

 A motion to dismiss pursuant to M.R.Civ.P. 12(b)(6) tests the legal sufficiency of the complaint. *MacKerron,* 571 A.2d at 813. The question of the sufficiency of the complaint may be determined, therefore, " 'as a pure question of law.' " *Id.* (quoting *Burke v. Hamilton Beach Div., Scovill Mfg. Co.,* 424 A.2d 145, 148 (Me. 1981)). As a notice pleading, Richards'

complaint is legally sufficient. Section 316 of the *Restatement* delimits the circumstances in which a parent may be held liable for the negligence of a minor child. Richards' amended complaint states a claim for relief under section 316 and the *Merchant* case. Though the complaint does not specifically state that the defendants knew or should have known of a necessity to control their child's behavior, that element of the tort is implied and subsumed in the allegation that the defendants failed to "appropriately supervise the children's play." Further, based on our review of the amended complaint, we cannot say to a certainty that Richards is not entitled to relief on her parental negligence claim under any set of facts she might prove in its support.[3]

The entry is:

Order of dismissal vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

**2.** Although our rules of pleading are liberal, they have not displaced the requirements of sound legal craftsmanship. *See Blackstone v. Rollins,* 157 Me. 85, 87–88, 170 A.2d 405 (1961); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 8.2 at 195 (2d ed. 1970).

**3.** M.R.Civ.P. 8(a) states that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In *Conley v. Gibson,* 355 U.S. 41, 47, 78

S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), the United States Supreme Court, speaking of the federal counterpart of Rule 8, stated:

> Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.