Brian BEDARD

v.

George BATEMAN, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs June 23, 1995.
Decided Sept. 18, 1995.

Jens–Peter Bergen, Hodsden & Bergen, Kennebunk, for Plaintiff.

Robert W. Harrington, Boston, MA, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

Brian Bedard appeals from the entry of a summary judgment in the Superior Court (York County, *Brennan,* J.) in favor of George and Deborah Bateman on Bedard's claim that the Batemans were negligent in furnishing their daughter with a jet ski and failing to supervise and train her in the use of it. We affirm the judgment.

In August 1992, Bedard was injured in a collision between his jet ski watercraft and one operated by 13 year-old Joanna Bateman. He thereafter filed a complaint against Joanna, alleging negligent operation of a jet ski watercraft, and against her parents, George and Deborah Bateman, alleging negligent failure to properly supervise and instruct. The Batemans filed a motion for a summary judgment on the count of negligence against them. The court granted the Batemans' motion for a summary judgment and certified that judgment as final pursuant to M.R.Civ.P. 54(b). This appeal followed.

In *Merchant v. Mansir,* 572 A.2d 493, 493–94 (Me.1990), we adopted the standard of care set forth in the RESTATEMENT (SECOND) OF TORTS § 316 (1985) for parental liability for the torts of their children. A parent has a duty to:

> exercise reasonable care so to control his minor child as to prevent it ... from so conducting itself as to create an unreasonable risk of bodily harm to [others], if the parent

(a) knows or has reason to know that he has the ability to control his child, *and*

(b) knows or should know of the necessity and opportunity for exercising such control.

*Merchant,* 572 A.2d at 494 (emphasis added). The conduct relevant to this duty inquiry is Joanna's operation of her jet ski. Here, the plaintiff did not generate a genuine issue of material fact on a condition of this duty— that the Batemans knew or should have known that they needed to control Joanna's use of the jet ski.

■ In their statement of material facts in support of their motion for a summary judgment, the Batemans asserted: "George and Deborah Bateman had always known Joanna Bateman to operate her jet ski in a reasonable and cautious manner." Although George Bateman acknowledged during depositions a need to train and observe his daughter in the operation of the jet ski, he only saw her operate the ski in the manner stated in his affidavit. Hence, the Batemans could not know or have reason to know of the necessity for exercising control over Joanna.[1]

Bedard was unable to generate a genuine issue of material fact on this issue through discovery, including depositions of both George and Deborah Bateman.[2] The court properly concluded that the Batemans were entitled to a summary judgment.

The entry is:

Judgment affirmed.

All concurring.

---

1. Bedard contends that George and Deborah Bateman knew or should have known of the necessity to control Joanna's use of the jet ski because the owner's manual to the machine indicates that the minimum recommended operator age is 14 years of age and Joanna was 13 years-old at the time of the accident. We reject this contention because Maine law permitted Joanna to operate the watercraft legally at age 13, 12 M.R.S.A. § 7801(13) (1994), and she had operated it without incident.

2. Through depositions, Bedard raised the issue of whether Joanna's training in the use of her jet ski was adequate. That issue does not relate to whether Joanna's parents knew or should have known of the necessity of controlling her.