STATE OF MAINE
CUMBERLAND, ss

CLERK'S OFFICE

2007 NOV -b P 4: 21

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-366
REC-CUM- 11/8/2007

DAVID McAULIFF,

Plaintiff

v.

HOLLY'S LLC and
RALPH LEO d/b/a HOLLY'S SUPER GAS,
Defendants

ORDER ON PLAINTIFF'S
MOTION FOR JOINDER
AND DEFENDANT'S
MOTION TO DISMISS

DONALD L. GARBRECHT

FEB 06 2008

Before the Court is Plaintiff David McAuliff's Motion for Joinder. Also before the Court is Defendant Holly LLC's Motion to Dismiss pursuant to Maine Rule of Civil Procedure 12(b)(6).

## BACKGROUND

Plaintiff David McAuliff ("McAuliff") was an employee working at Defendant Holly's Super Gas from July 2006 through March 2007. McAuliff alleges that for several weeks between October 2006 and March 2007 his paychecks did not reflect the actual amount of hours he had worked in the given week. Thus, McAuliff is now before this Court seeking back wages in the amount of $581.75 and overtime wages in the amount of $290.86 for 50% overtime premium for work he did beyond 40 hours in each week.

On the same day he filed his Complaint against Holly's LLC d/b/a Holly's Super Gas (June 27, 2007), McAuliff also filed a Motion for Attachment. Holly's LLC objected to this motion. On September 4, 2007, this Court (Crowley, J.) denied McAuliff's Motion for Attachment because McAuliff failed to show that he is more likely than not to recover against Holly's LLC.

On July 31, 2007, Holly's LLC filed a Motion to Dismiss McAuliff's Complaint pursuant to M.R. Civ. P. 12(b)(6). The basis of its Motion to Dismiss is that McAuliff filed a Complaint against Holly's LLC and Ralph Leo d/b/a Holly's Super Gas, but actually Holly's Super Gas is owned solely by Michelle Leo as a sole proprietorship. Holly's LLC alleges that neither it nor Ralph Leo owns Holly's Super Gas. Thus, McAuliff was not employed by either Holly's LLC or Ralph Leo and his Complaint for wages against them should be dismissed. McAuliff timely opposed this Motion to Dismiss.

On October 24, 2007, McAuliff filed a Motion for Joinder pursuant to M.R. Civ. P. 20 to permit him to join Michelle Leo, the alleged sole proprietor of Holly's Super Gas, as a Defendant. He also filed a Motion for Attachment against Michelle Leo d/b/a Holly's Super Gas.

## DISCUSSION

### I.    Motion for Joinder

Maine Rule of Civil Procedure 20 states in relevant part

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief within the subject-matter jurisdiction of the court in respect of and arising out of the same transaction, occurrence, or series of transactions and occurrences and if any question of law or fact common to all defendants will arise in the action.

Pursuant to the Scheduling Order issued by this Court (Crowley, J.) on September 6, 2007, the parties may join new parties within four months of the date of the Scheduling Order. As McAuliff filed his Motion for Joinder well within this four-month deadline (specifically, October 24, 2007) and as the basis for McAuliff's claim for wages against Michelle Leo arises from the same series

2

of transactions as against the original Defendants, McAuliff's Motion for Joinder is granted.

## II. Motion to Dismiss

A motion to dismiss tests the legal sufficiency of a complaint. *Richards v. Soucy*, 610 A.2d 268, 270 (Me. 1992). On a motion to dismiss, a court must view the facts alleged in the complaint as if they were admitted. *Fortin v. Roman Catholic Bishop of Portland*, 2005 ME 57, ¶ 10, 871 A.2d 1208, 1213. A court then examines the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. *Id.* ¶ 10, 871 A.2d at 1213-14. "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994), quoting *Hall v. Rd. of Envtl. Protection*, 498 A.2d 260, 266 (Me. 1985).

Holly's LLC argues that McAuliff's Complaint against it should be dismissed because McAuliff was not employed by Holly's LLC and Holly's LLC does not do business as Holly's Super Gas, which was the actual employer of McAuliff. In support of its argument, Holly's LLC offers the affidavits of Ralph Leo and Michelle Leo and various letters and accounting records. McAuliff argues that Holly's LLC's Motion to Dismiss is in reality a Motion for Summary Judgment and must be denied. The Court agrees.

It is well established that a Rule 12(b)(6) Motion "allows both the moving and the opposing party to address the issues by argument and citation to the pleadings, without more." Alexander, *The Maine Rules of Civil Procedure with Advisory Committee Notes and Commentary* § 12(b)(6) (2006). Summary judgment,

3

on the other hand, "requires much more, as evidentiary support for the parties' positions must be demonstrated, not just argument based on the pleadings." *Id.* As Holly's LLC has not complied with the requirements of a motion for summary judgment in accordance with M.R. Civ. P. 56 and is asking the Court to consider evidence beyond the pleadings, which is not in accordance with M.R. Civ. P. 12(b)(6), Holly's LLC's Motion to Dismiss is denied.

Therefore, the entry is:

> Plaintiff David McAuliff's Motion for Joinder to add Michelle Leo d/b/a Holly's Super Gas as a Defendant is GRANTED.
>
> Defendant Holly's LLC's Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6) is DENIED.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this ___6th___ day of ___November___, 2007.

Robert E. Crowley
Justice, Superior Court

4

OF COURTS
erland County
). Box 287
Maine 04112-0287

DONALD FONTAINE ESQ
PO BOX 7590
PORTLAND ME 04112

COURTS
nd County
)x 287
e 04112-0287

C ALAN BEAGLE ESQ
BEAGLE & RIDGE
PO BOX 7044
PORTLAND ME 04112-7044