STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   BUSINESS AND CONSUMER COURT
                                                  DOCKET NO. BCD-CV-18-11

MICHAELA A. COLE,                      )
                                       )
              Plaintiff,               )
v.                                     )
                                       )
FCA US LLC                             )          ORDER ON PLAINTIFF'S MOTION TO
                                       )          AMEND AND FCA'S MOTION TO
And                                    )          DISMISS AND MOTION TO STRIKE
                                       )
NANCY P. BATES,                        )
                                       )
              Defendants.              )

I.     Background

On July 7, 2017, Plaintiff's and Defendant Bates's cars collided on Route 172 in Blue

Hill, Maine. Both Plaintiff and Defendant Bates seek to recover from the other for injury. In

addition to bringing action against Defendant Bates, Plaintiff seeks to recover from FCA US

LLC ("FCA") as manufacturer of the vehicle she was driving for strict products liability and

negligence based upon her allegations that the vehicle "was not reasonably crashworthy and was

not reasonably fit for unintended, but clearly foreseeable accidents." FCA moves the Court to

dismiss all claims against it or, in the alternative, to strike certain paragraphs from Plaintiff's

Complaint. In response to FCA's motion to dismiss, Plaintiff seeks leave to file a First Amended

Complaint.

II.    Motion to Amend

Where both a motion to amend and a motion to dismiss are before the court, the court

ordinarily addresses the motion to amend first. *Sherbert v. Remmel*, 2006 ME 116, ¶ 10, 908

A.2d 622. A party may amend its complaint within 20 days after service if no responsive

1

pleading has been filed and the action has not been placed on the trial calendar. M.R. Civ. P. 15(a). Alternatively, a party may amend where the adverse party has consented, or by leave of court. *Id.* Leave of court is to be granted freely where justice requires. *Id.*

Plaintiff moves the Court to amend her Complaint in order to plead negligence against FCA with more particularity. The Court grants leave to amend.

III.     Motion to Dismiss

Defendant FCA moves the Court to dismiss all counts brought against it for failure to state a claim upon which relief may be granted. M.R. Civ. P. 12(b)(6). A motion to dismiss tests the legal sufficiency of the complaint. *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676. When reviewing a motion to dismiss, the Court views "the complaint in the light most favorable to the plaintiff, and treat the material allegations of the complaint as admitted." *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310. Dismissal is only appropriate "when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Id.*

In Plaintiff's Amended Complaint, Plaintiff brings claims for negligence and strict product liability against Defendant FCA. FCA argues that Plaintiff has not pled the necessary elements of either of these claims, and therefore, both claims against FCA should be dismissed. "Strict products liability attaches to a manufacturer when by a defect in design or manufacture, or by a failure to provide adequate warnings about its hazards, a product is sold in a condition unreasonably dangerous to the user." *Bouchard v. American Orthodontics*, 661 A.2d 1143, 1145, (Me. 1995); *quoting Pottle v. Up-Right, Inc.*, 628 A.2d 672, 674-75 (Me. 1993); see 14 M.R.S. § 221. Defendant argues that Plaintiff has neither set forth allegations sufficient to state a claim for

2

products liability for defect of design or manufacture nor for products liability for failure to warn.

According to the Restatement 3d of Torts: Products Liability, "One engaged in the business of selling or otherwise distributing products who sells or distributes a defective product is subject to liability for harm to persons or property caused by the defect." Restatement 3d of Torts: Products Liability § 1. Maine has adopted the tenets of the restatement section, holding that "[t]he general rule is that the supplier of a product is liable to expected users for harm that results from foreseeable uses of the product if the supplier had reason to know that the product is dangerous and fails to exercise reasonable care to so inform the user." *Bouchard*, 661 A.2d at 1145. FCA argues that Plaintiff's allegations of defect are so numerous and so vague as to make it virtually impossible for FCA to defend against the suit. FCA argues that the pleading simply opens the door to a discovery "fishing expedition". FCA moves the Court to dismiss for vagueness of the claim.

Plaintiff's Amended Complaint alleges the following defects:

a. In frontal offset impacts, the vehicle fails to provide adequate occupant protection;
b. In frontal offset impacts, the vehicle fails to contain countermeasure designs to provide occupant protection;
c. In frontal offset impacts, the vehicle fails to maintain survival space;
d. In frontal offset impacts, the vehicle fails to distribute and channel energy properly;
e. In frontal offset impacts, the vehicle's tire destroys the survival space of the toe-board, foot-well, and floor-pan area;
f. In frontal offset impacts, the restraint system is not properly tuned so that there is too much rebound velocity such that the seat fails to provide proper occupant protection;
g. The vehicle's restraint system contains a load limiter that allows excessive forward excursion which in turn causes excessive rebound velocity;
h. The vehicle's restraint system permitted excessive forward excursion;
i. The vehicle's restraint system allowed excessive rebound velocity;
j. The vehicle's restraint system permitted excessive head restraint loading;
k. The vehicle's seat twisted counterclockwise and failed to keep the restrained occupant in the optimum seating position; and/or

3

l.   The vehicle's seat permitted injurious head contact with the vehicle interior behind the driver.

First Amended Complaint, ¶ 36. While each one of these allegations alone may or may not amount to a defect, when read together, the Court finds that there are allegations of defective design or manufacture. Plaintiff includes allegations that the crash related safety features of the vehicle were outdated at the time that the vehicle was manufactured. The Court finds that the Plaintiff has pled facts sufficient to set out a claim for defective design or manufacture by alleging that FCA produced car that was not safe from foreseeable harm to users because of the above detailed defects of which FCA had reason to know. A plaintiff is not required to present specific details of claim in a complaint. *See Blackstone v. Rollins*, 157 Me. 85, 170 A.2d 405 (Me. 1961).[1] The Court denies FCA's motion with respect to Plaintiff's claim for strict products liability for manufacture or design defect.[2]

In order to plead a cause of action for strict products liability failure to warn, a plaintiff must allege that the defendant had a duty to warn the plaintiff; that the actual warning on the product, if any, was inadequate; and that the inadequate warning proximately caused the plaintiff's injury. *Bouchard*, 661 A.2d at 1145. Defendant moves the Court to dismiss any claim Plaintiff may be asserting for products liability failure to warn arguing that even if Plaintiff has pled that FCA did not warn Plaintiff of possible hazards, Plaintiff does not allege that FCA had a duty to warn, nor does Plaintiff make any allegations concerning existing warnings and whether

---

[1] FCA raises the argument that Plaintiff has not provided details of how, over and above other injury of the car collision, Plaintiff was specifically injured by the alleged design or manufacture defects of the vehicle. Because a Plaintiff is not required to allege injury with such specific particularity, the Court denies FCA's motion to dismiss on this grounds.

[2] FCA also argues that "crashworthiness" is not a cause of action. In Plaintiff's First Amended Complaint, Plaintiff titles its first claim "Strict Products Liability" and does refer to the vehicle's crashworthiness as a component of liability. The Court finds that Plaintiff's presentation of the claim in their amended pleading is consistent with FCA's citation to First Circuit caselaw. *See Taylor v. Ford Motor Co.*, 2008 U.S. Dist. LEXIS 26411, *12 (D. Me. 2008).

4

they are adequate. Because the First Amended Complaint contains no allegations concerning a duty to warn or the adequacy of given warnings, the Court grants FCA's motion as to any claim Plaintiff may have intended to assert for strict products liability failure to warn.

Plaintiff also alleged a cause of action for negligence, which FCA seeks to have dismissed. A claim for negligence requires allegations that the defendant owed plaintiff a duty, that defendant breached that duty, and that defendant's breach of duty caused the plaintiff injury. As the Law Court stated in *Pottle*, strict products liability sounds in negligence. *Pottle*, 628 A.2d at 675. What distinguishes Plaintiff's claim for negligence from Plaintiff's claim for products liability is the element of duty. Rather than the products liability statutory duty a manufacturer has to the users of its products, a plaintiff must allege facts sufficient to show that the defendant owed plaintiff a duty of care for a negligence cause of action. In this case, FCA alleges that Plaintiff has not pled any facts that suggest that FCA owed Plaintiff a duty. In her First Amended Complaint, Plaintiff alleges that "Chrysler had a duty to Plaintiff to conduct a proper engineering analysis and to conduct proper testing that would help it to identify potential risks, hazards, and/or dangers that could seriously injure someone." Without making a determination concerning the veracity or legal weight of the asserted duty, the Court finds that Plaintiff has alleged that FCA owed Plaintiff a duty of care. For that reason, the Court denies FCA's motion to dismiss with respect to Plaintiff's claim of negligence.

IV. Motion to Strike

FCA moves the Court to strike certain paragraphs from Plaintiff's Complaint as irrelevant and prejudicial. According to Maine Rule of Civil Procedure 12(f), upon motion made by a party, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." M.R. Civ. P. 12(f). "The motion to strike for the

purpose of ridding the pleading of objectionable matter is not favored, and will probably be denied unless the presence of the matter complained of is calculated to be harmful." 2 Harvey, *Maine Civil Practice* § 12:17 at 432 (3d, 2011 ed.)

In this case, Plaintiff has included in the pleadings numerous quotations from automobile executives and allegations pertaining to history, duties, and standards of automobile manufacturers. *See* Plaintiff's Amended Complaint ¶¶ 18-31, 68-72, 85-86, 88-89. The Court agrees with FCA's argument that these statements are irrelevant. Nonetheless, the Court does not find that the statements are calculated to do harm. The Court denies FCA's Motion to Strike, but cautions that the denial should not be understood to be a ruling as to admissibility at trial. *See Sawyer v. Garcelon*, 63 Me. 26 (1874).

V.    Conclusion

The Court Grants Plaintiff's Motion to Amend.

The Court Denies FCA's Motion to Dismiss Plaintiff's claim for strict products liability for design or manufacture defect.

The Court Grants FCA's Motion to Dismiss Plaintiff's claim for strict products liability for failure to warn.

The Court Denies FCA's Motion to Strike.

DATE:  5/18/18

Michaela Murphy
Justice, Superior Court
Business and Consumer Court

Entered on the Docket: 5/18/18
Copies sent via Mail___ Electronically ✓

6