**Charles L. CLIFFORD and Mildred L. Clifford**

v.

**Patricia J. KLEIN.**

Supreme Judicial Court of Maine.

Argued May 11, 1983.

Decided July 26, 1983.

---

15.  29 M.R.S.A. § 2305 (Supp.1982).

Murray, Plumb & Murray, Peter L. Murray (orally), Jane E. Barry, Portland, Thomas W. Tavenner, Boothbay Harbor, for plaintiffs.

Eaton, Glass, Marsano & Woodward, Francis C. Marsano (orally), Belfast, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

This action arises from a dispute over the location of the boundary separating parcels of real estate owned by the parties. Plaintiffs Charles and Mildred Clifford appeal from the determination of the location of the boundary line contained in a judgment of the Superior Court (Waldo County) entered on their complaint. Plaintiffs also

appeal from the denial of their motion to modify an injunctive order entered on defendants' counterclaim, prohibiting the storage of manure within 1500 feet of the defendant's house. Plaintiffs argue on appeal that the judgment, which was prepared by defense counsel, was improperly adopted verbatim by the court and, in any event, is unsupported by the evidence and erroneous as a matter of law. Plaintiffs also contend that the court erred in denying the requested modification of the injunctive order. We vacate the judgment locating the boundary line and affirm the denial of the motion for modification of the injunctive order.

## I.

Plaintiffs' complaint, seeking the location of the common boundary, was tried before the court sitting without a jury. The record reflects that several days after trial the presiding justice telephoned the office of counsel for the defendant and left a message requesting that counsel draft a judgment favorable to his client. Defense counsel responded to the request by preparing a lengthy judgment setting forth a summary of the testimony of the witnesses, together with findings of fact and conclusions of law. The draft judgment was mailed to the presiding justice together with a letter of transmittal and copies were mailed to counsel for the plaintiffs. In his letter, defense counsel confirmed his receipt of the justice's telephonic instructions and stated: "I am forwarding on to [plaintiffs' counsel] a copy of this judgment for whatever comments he may choose to make to you either in writing or in such other fashion as you in your discretion may deem appropriate." Counsel for the plaintiffs received no notice of the procedure employed in preparing the judgment other than through the copy of the opposing counsel's transmittal letter. No action was taken by the plaintiffs with respect to the proposed judgment until nearly thirty days later after it was executed by the court, without change. Plaintiffs thereafter moved for a new trial. The presiding justice denied that motion, stating: "the

court signed the proposed decree without change because the court agrees with the findings and conclusions and has adopted them as the court's own findings and conclusions. The court sees no point to change for the sake of change."

Plaintiffs' argument on appeal is twofold. First they urge this Court to vacate the judgment and remand so that the trial justice, rather than defense counsel, may determine the facts and applicable law. In the alternative, they urge the Court to subject the findings of the trial court to the strictest scrutiny and find the judgment to be erroneous as a matter of law or unsupported by the evidence.

In our recent decision in *In re Sabrina M.*, 460 A.2d 1009 (Me.1983), we addressed the related problem of a court's verbatim adoption of findings of fact proposed by counsel. In that case we held that although such an adoption of findings does not automatically constitute error, "we must closely scrutinize such findings to determine whether the trial court has adequately performed its judicial function." 460 A.2d at 1013. After a review of the findings in that case, we concluded that the findings adopted by the court were sufficient to provide an understanding of the basis for the trial court's ultimate decision. 460 A.2d at 1013. More importantly, our review of the findings and of the procedure through which the court had reached those findings convinced us that the trial justice had adequately fulfilled his responsibility to personally find the facts and apply the law. 460 A.2d at 1013. It was significant to our conclusion in *Sabrina M.* that all parties had submitted proposed findings and the court had adopted verbatim the proposed findings of the prevailing party only after having reviewed and adopted in part the proposed findings of the losing party.

The case now before us presents a more difficult factual situation and leads to a different conclusion. In this instance, the trial justice made an *ex parte* request of defense counsel to prepare a judgment in

favor of his clients. Although it is entirely possible that the court may have requested only a simple judgment form describing the boundary, it is clear that the court received, and eventually adopted, a decision which included not only the judgment but lengthy findings of fact and conclusions of law as well.

The facts in this case are similar to those in *Roberts v. Ross,* 344 F.2d 747, 753 (3rd Cir.1965), in which the Court of Appeals for the Third Circuit prohibited lower courts in that Circuit from entering an unexplained decision in favor of one party and then adopting findings and conclusions prepared by counsel for that party. In *Roberts,* the trial judge entered an order stating that he found for the defendant and directing counsel for the defendant to file proposed findings, conclusions, and judgment. At the same time, the court granted the opposing side the right to file objections. If anything, the facts of the present case are more egregious. Here, unlike *Roberts,* there was no initial order announcing the result reached by the court, but rather an *ex parte* communication with counsel for the winning side. The plaintiffs received no notice of the court's communication with defense counsel other than by receipt of a copy of defense counsel's letter of transmittal.[1] The court did not at any time extend to the plaintiffs an opportunity to submit proposed findings and judgment nor an opportunity to object to the judgment submitted by the defendant. Most significantly the court failed to give counsel any indication of its reasoning or conclusions before soliciting the proposed judgment. While it could be argued that plaintiffs' counsel should have taken some action during the 30 days which passed prior to the court's signing of the judgment, given the extent of the procedural irregularity involved, counsel's failure to challenge the court is not a sufficient reason to compel the application of the doctrine of waiver.

■ Under the circumstances, we must scrutinize the findings and conclusions with great care and determine whether those findings demonstrate that the trial court adequately performed its judicial function. *See In re Las Colinas, Inc.,* 426 F.2d 1005, 1010 (1st Cir.1970); *Sabrina M.,* 460 A.2d at 1013. We would note that it is doubtful that the purposes of Rule 52 can be served in the majority of cases when the trial court makes its findings by adopting those proposed by one counsel without any input from opposing counsel.[2] We also note the problems which arise by asking the winning advocate to prepare an impartial decision. Such concerns are borne out in this case. The findings prepared by defense counsel and adopted by the court are confusing and couched in partisan language which impedes appellate review and undermines the integrity of the appellate process.[3]

■ The rule which we adopted in *Sabrina M.* stops short of flatly prohibiting the verbatim adoption of findings or judgments prepared by counsel. The functional test which we adopted, imposes upon this Court the obligation to view the record with care and to remand for new findings in those instances where this Court is uncertain

---

1. We note that under rule 3.7(h)(2) of the Maine Bar Rules, an attorney communicating in writing with a judge concerning the merits of a contested matter must furnish opposing counsel with a copy of the written communication.

2. Defendant argues that since there was no request by either party pursuant to M.R.Civ.P. 52 for findings of fact and conclusions of law, the purposes of that rule are not implicated. We interpret the court's action in this case as within that portion of the rule which provides that the court "may upon its own motion, find the facts specially and state separately its conclusions of law thereon . . . ."

3. For example, the findings rejected the testimony of defendant's predecessor in title as "patently inaccurate." His testimony was related to a crucial issue, namely, the location of an iron stake marking the northern boundary of defendant's property. Although it would appear to be possible for the trier of fact to reject the witness' testimony on the ground of bias, it is difficult to understand how that same result could be reached on the basis of inaccuracy in the estimation of distances.

whether the judicial function has been adequately performed. The rule is well stated in *Ramey Construction Co. v. The Apache Tribe of the Mescalero Reservation,* 616 F.2d 464, 467 (10th Cir.1980), which was cited by this Court in *Sabrina M:*

> Even though we may not summarily reject findings adopted verbatim, we must view the challenged findings and the record as a whole with a more critical eye to insure that the trial court has adequately performed its judicial function. ...
> '[T]he greater the extent to which the Court's eventual decision reflects no independent work on its part, the more careful we are obliged to be in our review.' *In re Las Colinas,* Inc., 426 F.2d 1005, 1010 (1st Cir.1970).
> Although the trial court may well have performed its judicial function in this case, viewing the findings and the record with a critical eye, we cannot be sure that it did so.

■ The record before us in this case, similarly, provides no assurance that the judicial function was performed in an adequate manner. Not only did the trial justice solicit proposed findings from only one party, thereby depriving himself of the opportunity to weigh the views of counsel for both parties, but more importantly, in soliciting proposed findings from the prevailing party, the justice failed to give counsel for that party any indication of the rationale for his decision. This is not the type of case in which the basis for the justice's decision was readily apparent. The evidence adduced at trial was extensive and in part conflicting. The proposed judgment drafted by counsel for the prevailing party attempted to review this testimony at length and in the process rejected selected portions of it. We believe it highly unlikely that counsel's perception and portrayal of this testimony would have been identical to that of the presiding justice. The evidence adduced at trial was too extensive and too complex for counsel to have been able to divine the rationale supporting the decision of the court. It is therefore necessary to vacate the judgment and remand the cause for appropriate findings of fact and conclusions of law after a re-examination of the evidence in the light of the appropriate legal principles.

## II.

The remaining issue on appeal relates to the injunctive relief ordered on defendant's counterclaim. Prior to trial, the parties agreed to the entry of a judgment permanently enjoining plaintiffs from piling or keeping manure within 1500 feet of defendant's house. Subsequently, the court ordered plaintiffs to remove all manure within the proscribed area by July 24, 1982. Plaintiffs moved pursuant to M.R.Civ.P. 59(e) to modify the injunction by reducing the scope of the order to 300 feet and presented evidence to suggest that the lower limit would comport with good agricultural and ecological practice. The trial justice denied the motion stating that the order that he had been asked to modify was signed at the request of both parties and that the only grounds which could justify a modification of the order would be "changed circumstances or showing of impossibility."

Plaintiffs contend that the court erred, arguing that the court has the inherent power to modify a judgment to avoid a substantial injustice. They contend that this power does not depend on whether the judgment was entered pursuant to consent. They contend that a substantial injustice has resulted from the injunctive order because: (1) 17 M.R.S.A. § 2805(2) (1983) provides that generally accepted agricultural practices shall not constitute a nuisance, (2) a witness testified at the hearing on the motion that their practices were well accepted farm practices, and (3) the order extending to 1500 feet from defendant's house unduly impinges on the use of their own land.

■ Plaintiffs are correct that consent to the entry of a decree does not serve to deprive the court of the power to modify the decree. *See System Federation No. 91*

*v. Wright,* 364 U.S. 642, 646–47, 81 S.Ct. 368, 370–71, 5 L.Ed.2d 349 (1961). It is required, however, that the moving party show that the facts which are the basis for the motion for modification of judgment have developed since the time of the original judgment or could not with due diligence have been determined at that time. *See Inhabitants of the Town of Kennebunkport v. Forrester,* 391 A.2d 831, 834 (Me. 1978). *Cf. United States v. Swift & Co.,* 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932) (moving party must clearly show grievous wrong evoked by new and unforeseen conditions).

▪ Plaintiffs have failed to make such a showing and the burden under M.R.Civ.P. 59(e) is upon them to establish their entitlement to relief. *Cates v. Farrington,* 423 A.2d 539, 541 (Me.1980); 2 Field, McKusick & Wroth, *Maine Civil Practice,* § 59.4a at 370 (2d ed. Supp.1981). The decision to grant relief from judgment is within the discretion of the trial court. *Systems Federation,* 364 U.S. at 647, 81 S.Ct. at 371; *Forrester,* 391 A.2d at 834. Absent a showing that the evidence in support of the motion could not through due diligence have been presented at trial, the denial of a motion to alter judgment cannot be said to be an abuse of discretion. *See Forrester,* 391 A.2d at 834. The court committed no error in denying plaintiffs motion.

The entry must be:

Judgment on plaintiffs' complaint vacated, case remanded to the Superior Court for further proceedings consistent with the opinion herein.

Order denying plaintiffs' motion for modification affirmed.

All concurring.