Edward PERREAULT

v.

Carol PARKER.

Supreme Judicial Court of Maine.

Argued Jan. 22, 1985.

Decided March 29, 1985.

Rocheleau, Fournier & Lebel, P.A., Paul C. Fournier (orally), William Rocheleau, Jr., Lewiston, for plaintiff.

Pine Tree Legal Assistance, Inc., Patricia M. Ender (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

The plaintiff brought this forcible entry and detainer action in the District Court, Lewiston, to recover possession of an apartment that he owned and that the defendant had occupied for about three years as a tenant at will. The defendant contended that the eviction was retaliatory, and that the plaintiff was therefore precluded from obtaining the relief he sought. The District Court found that the plaintiff was entitled to possession of the premises. The Superior Court, Androscoggin County, upheld that finding. The defendant then appealed to this Court. We deny the appeal.

In October of 1980, the defendant, Carol Parker, began renting an apartment at 186 Blake Street in Lewiston from the plaintiff, Edward Perreault. The plaintiff testified that the agreed rent was $45 per week. The defendant testified that, although she could not remember the exact terms of the original rental agreement, she understood that the plaintiff would accept $180 per month.[1] Both parties testified that the defendant has regularly paid $180 per month since the start of the tenancy.[2] Based upon the discrepancy between $45 per week and $180 per month, the plaintiff testified that the defendant was thirteen weeks behind in the payment of her rent.

On about August 3, 1983 the plaintiff gave the defendant oral notice that he intended to raise the rent by $5 per week. The plaintiff testified, however, that after he learned that the rent increase would be invalid in the absence of thirty days written notice,[3] he never tried to collect the extra $5 per week.

---

1. The defendant paid rent to the plaintiff monthly, apparently because her state aid checks came at the beginning of each month. She asserted that $180 was the most she could afford per month. According to the defendant, the plaintiff accepted this monthly amount without complaint until about June of 1982. The plaintiff testified that he told the defendant from the outset of the tenancy that she would be responsible for a rental amount equal to $45 per week.

2. There were two months during the period of the tenancy—June of 1981 and December of 1983—where the defendant did not pay $180 to the plaintiff. In June of 1980 the defendant paid $135 in rent. She gave the plaintiff an extra $45 in October of 1983, however, to compensate for this aberration from her regular monthly payments of $180. In December of 1983 the defendant paid $167 in rent. The defendant testified that she deducted $13 from her regular $180 payment to pay for pesticides she purchased to remedy a cockroach problem.

3. *See* 14 M.R.S.A. § 6015 (Supp.1984).

On August 30, 1983 the defendant filed a complaint with a code enforcement officer for the City of Lewiston. She reported to the officer various conditions in the apartment that she felt were in need of repair. She later made further complaints to the same authority concerning the apartment. Lewiston code enforcement officers visited the apartment on several occasions during the period between August 30 and mid-December of 1983. One code enforcement officer testified that during such visits he found several code violations. The plaintiff acknowledged receiving a Notice of Municipal Code Violations from the City of Lewiston on September 2, 1983. Apparently, the defendant had never complained about the condition of her apartment before August 30, 1983.

▮▮▮ The defendant first received a notice to quit [4] from the plaintiff on September 8, 1983. A court, however, dismissed the resultant action. The plaintiff had a second notice to quit served upon the defendant on October 25, 1983. On December 2, 1983 the defendant received the summons and complaint for the action presently before this Court.

The District Court held a hearing on December 20, 1983. On January 10, 1984 the trial judge ruled for the plaintiff. The defendant requested findings of fact and conclusions of law from the District Court. After accepting proposed findings and conclusions from both parties, the trial judge adopted verbatim those submitted by the plaintiff, and granted judgment to the plaintiff for possession. The Superior Court affirmed the judgment on August 28, 1984. The defendant then appealed to this Court.

▮▮▮ The process of forcible entry and detainer allows a landlord to evict a tenant through the issuance of a writ of possession by the District Court. 14 M.R.S.A.

§§ 6001(1), 6005 (Supp.1984). A presumption of retaliation by the landlord arises, however, if, within six months prior to the commencement of the action, the tenant has:

> Complained as an individual, or a complaint has been made in his behalf, in good faith, of conditions affecting his dwelling unit which may constitute a violation of a building, housing, sanitary or other code, ordinance, regulation or statute, presently or hereafter adopted, to a body charged with enforcement of that code, ordinance, regulation or statute, or such a body has filed a notice or complaint of such a violation.

14 M.R.S.A. § 6001(3)(B) (Supp.1984). "No writ of possession may issue in the absence of rebuttal of the presumption of retaliation." 14 M.R.S.A. § 6001(3) (Supp.1984).

In the case at bar, the tenant defended against the forcible entry and detainer action on the ground that the plaintiff could not recover possession of the premises because the action was retaliatory. *See* 14 M.R.S.A. § 6001(3) (Supp.1984). The District Court, however, found that the defendant's complaints to the City of Lewiston code enforcement body were not made in good faith because they occurred only after she received notification from the plaintiff of a five dollar per week rent increase. The District Court also found that the basis for the eviction was the defendant's refusal to pay the agreed rent. For those two reasons, the court concluded that "[t]he provisions of 14 M.R.S.A. § 6001(3) are not applicable."

▮▮▮ Before addressing the retaliation issue, we pause to comment on the fact that the District Court adopted verbatim the findings of fact and conclusions of law proposed by the plaintiff. In *In re Sabrina M.*, we noted at some length our disapproval of such a practice. 460 A.2d 1009,

---

4. The defendant had no written lease and thus was a tenant at will. *See* 33 M.R.S.A. § 162 (1978); *State v. Fin & Feather Club,* 316 A.2d 351, 358 n. 4 (Me.1974). The plaintiff had to terminate the defendant's tenancy pursuant to 14 M.R.S.A. § 6002 (Supp.1984), which imposes a notice requirement, before he could maintain a forcible entry and detainer action against her. 14 M.R.S.A. § 6001(a)(Supp.1984).

1013 (Me.1983); *see also Clifford v. Klein,* 463 A.2d 709, 711–13 (Me.1983). There is a significant danger that findings and conclusions adopted verbatim from a proposal of the prevailing litigant will be inadequate under M.D.C.Civ.R. 52(a). *See In re Sabrina M.,* 460 A.2d at 1013; *Clifford,* 463 A.2d at 712. Nevertheless, "[i]t is not automatic error for the trial court to adopt verbatim the findings proposed by counsel...." *In re Sabrina M.,* 460 A.2d at 1012. This was not a complex case where it would have been difficult for counsel "to divine the rationale supporting the decision of the court." *Clifford,* 463 A.2d at 713. After close scrutiny, we determine that the District Court's findings and conclusions, although certainly flawed,[5] "are sufficiently explicit to give ... an understanding of the basis of its decision." *In re Sabrina M.,* 460 A.2d at 1013. Accordingly, they are sufficient under M.D.C.Civ.R. 52(a). *Id.*

■ Returning to the retaliation issue, we first determine that the District Court erred by finding the statutory presumption of retaliation inapplicable based upon the defendant's lack of good faith in complaining to the Lewiston code enforcement body. The statute provides that the presumption of retaliation arises when, within six months prior to the commencement of a forcible entry and detainer action, the tenant has "[c]omplained as an individual, or a complaint has been made in his behalf, in good faith, of [a code violation] to a body charged with enforcement of that code ..., *or* such a body has filed a notice or complaint of such a violation." 14 M.R.S.A. § 6001(3)(B) (Supp.1984) (emphasis added). The plain language of section 6001(3)(B) makes good faith an issue only when the

basis for the presumption is a complaint to the code enforcement body by the tenant or someone in his behalf. When the basis for the presumption is the filing of a notice of a code violation by an enforcement body, the good faith of the tenant is not an issue. In this case, the record shows that the plaintiff received a Notice of Municipal Code Violations issued by the Lewiston code enforcement body within six months prior to the commencement of the forcible entry and detainer action. This evidence is sufficient to establish the statutory presumption of retaliation without regard to whether the defendant acted in good faith when she complained to the code enforcement body. *See* 14 M.R.S.A. § 6001(3)(B) (Supp.1984).

■ We also determine, however, that, although the presumption of retaliation did arise in this case, the plaintiff successfully rebutted it. *See* 14 M.R.S.A. § 6001(3) (Supp.1984). "[A] presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence." M.R.Evid. 301(a). In this case, therefore, the plaintiff had to show that the nonexistence of a retaliatory motive for the eviction was more probable than its existence. The trial court found that the plaintiff rebutted the presumption of retaliation by establishing that the basis for the eviction was the defendant's refusal to pay the agreed rent in full. Although not free from doubt, this finding is not clearly erroneous on the record before us.[6] *See Harmon v. Emerson,* 425 A.2d 978, 981–82 (Me.1981). Because the plaintiff rebutted the presumption of retaliation by establishing a non-re-

---

5. For example, these findings and conclusions completely omit any mention of the plaintiff's receipt of a Notice of Municipal Code Violations from the City of Lewiston on September 2, 1983, a fact material to the retaliation issue. *See infra* p. 206. The plaintiff's receipt of such a notice was clearly established on the record by the plaintiff's own admission.

6. There was conflicting testimony concerning whether the monthly payments made by the

defendant fully satisfied her rental obligation. *See supra* pp. 204–205 note 1. The plaintiff testified that they did not, and that the resultant arrearage was the basis for the eviction. It is the role of the fact finder to resolve issues of credibility. *Qualey v. Fulton,* 422 A.2d 773, 775–76 (Me.1980). We cannot say that it was irrational for the trial court to believe the plaintiff's testimony on this issue. *See id.* at 776.

taliatory motive for the eviction, section 6001(3) presented no bar to the issuance of a writ of possession. We therefore deny the appeal.

The entry is:

Judgment affirmed.

McKUSICK, C.J., and ROBERTS, WATHEN and GLASSMAN, JJ., concurring.

SCOLNIK, Justice, dissenting.

I respectfully dissent. In an effort to give the District Court Judge the benefit of the doubt, the Court adopts a strained reading of his conclusions that obscures the legal error he committed. Because that error deprived the defendant of an important protection, I would vacate and remand for a new trial.

The Court's opinion correctly demonstrates that the District Court Judge erred in finding that no presumption of retaliation arose. Whatever motivated the tenant's original complaint, the landlord also received a notice of Municipal Code Violation, showing that the tenant's complaint had merit. Within a week, the landlord served the tenant with a notice to quit. Nonetheless, the District Court Judge did not recognize that he was bound to presume retaliation. He said,

> [t]he provisions of 14 M.R.S.A. § 6001(3) are not applicable because the Defendant's complaints were not made in good faith and because the Plaintiff has established that the basis for the eviction was the Defendant's refusal to pay the agreed rent.[1]

Because he explicitly did not presume retaliation as the statute required, the Judge could not properly have weighed the evidence. This Court stretches the meaning of the above quoted statement of the District Court Judge when it states that he found plaintiff rebutted the presumption of retaliation by establishing that the basis

for eviction was defendant's refusal to pay the agreed rent in full. A fact finder who concludes that a presumption is not applicable is hardly likely to "find" that the presumption has been rebutted, let alone to evaluate whether the plaintiff had carried his burden under M.R.Evid. 301(a) of proving that the nonexistence of the presumed fact is more probable than its existence. The mere appearance of a non-retaliatory motive for eviction in the evidence is not sufficient, since M.R.Evid. 301(a) does not embody the "bursting bubble" theory of presumptions. *Ambassador Ins. Co. v. Dumas*, 402 A.2d 1297, 1299 (Me.1979). To find the presumption inapplicable was plain error that tainted beyond salvage the further finding regarding the basis for eviction.

I dissent in this case because the District Court Judge's error of law goes to the heart of the defendant's case and contravenes a strong public policy. The error unavoidably affected the fact-finding. Thus this Court should not rely on a contradictory factual conclusion to hold that the error was inconsequential. In barring retaliatory evictions the Legislature has given tenants a very important protection. Doubts and contradictory findings should be resolved in favor of the tenant to ensure that the legislative policy behind 14 M.R.S.A. § 6001(3) is carried out. The defendant is entitled to a fair and legally correct hearing when her eviction is presumptively retaliatory.

---

1. It is not clear from the findings of fact that the defendant actually refused to pay any rent that had, in fact, been "agreed" upon previously.