Beverly J. MacKERRON

v.

Neil D. MacKERRON,

and

Neil D. MacKERRON

v.

Beverly J. MacKERRON.

Supreme Judicial Court of Maine.

Argued Nov. 1, 1989.
Decided March 8, 1990.

Neil D. MacKerron (orally), Gulfport, Fla., for appellant.

Thomas E. Powers (orally), Portland, Frederick D. Williams (orally), Windham, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

This case is a consolidated appeal by Neil D. MacKerron from Superior Court rulings in favor of Beverly J. MacKerron in an action for forcible entry and detainer (Cumberland County, *Alexander, J.*) and one for negligence (Cumberland County, *Fritzsche, J.*). We vacate both judgments.

The parties were divorced on August 24, 1983. The divorce court found that three parcels of real estate were not marital property but were owned exclusively by Beverly MacKerron. In addition, the divorce judgment awarded to Beverly MacKerron $19,000 lump sum alimony to be evidenced by a separate promissory note.

On August 25, 1983, the parties signed a promissory note in which Neil agreed to pay the $19,000 within two years upon the condition that Beverly immediately transfer by deed a one-half interest in the three parcels of non-marital property to their son, Robert D. MacKerron, as joint tenants. Upon receipt of the $19,000, Beverly was to convey the entire interest to Robert. Furthermore, the note specified that Neil would have exclusive right to the use of one of the properties upon payment of an agreed rental. Contemporaneous with this agreement Beverly signed a quit claim deed creating a joint tenancy between herself and her son Robert. Neither the promissory note nor the deeds were ever officially made part of the divorce judgment.

In July 1985, following attempts by Neil to sell some of the non-marital property, Beverly notified him that she considered

the contract aspects of the note to be invalid. On the date appointed for the alimony payment, August 24, 1985, Neil made no payment. On September 13, 1985, Beverly filed a petition for order to show cause for contempt against Neil. On December 5, 1985, the District Court (South Paris, *Pease, J.*) dismissed the contempt action against Neil on .the grounds that "the divorce judgment and 'promissory note' are a valid exercise of the power of the divorce court ... [and therefore,] defendant's failure to comply with the court judgment to pay $19,000 is not an act of contempt...." Both parties appealed to the Superior Court (*Lipez, J.*) which held that the only purpose of the promissory note authorized by the divorce decree was to act as evidence of the $19,000 debt and, therefore, the attached conditions were invalid. The Superior Court remanded on those grounds.

Upon remand on the issue of contempt, the District Court (South Paris, *Pease, J.*) held that since Neil acted in good faith upon the conditions of the promissory note he was not guilty of contempt. Neil appealed. The Superior Court (Cumberland, *Lipez, J.*) dismissed his appeal on the grounds that since the District Court found Neil not in contempt, he was not an aggrieved party under M.R.Civ.P. 76D, and we affirmed. *MacKerron v. MacKerron*, 553 A.2d 1252 (Me.1989).

On May 8, 1988, Beverly commenced an action for forcible entry and detainer against Neil on one of the three non-marital parcels. This property was also subject to two leases granted by Beverly, one to MacKerron Associates, Inc. in 1980 for a 10–year term and one to Neil MacKerron in 1982 for the same number of years. The District Court (South Paris, *Sheldon, J.*) rendered judgment in favor of Beverly. The Superior Court affirmed and Neil appealed to this court.

Meanwhile, Neil brought a negligence action against Beverly in her capacity as clerk for the Ninth District Court, Division of Northern Cumberland (Bridgton), for failure to docket as part of the divorce decree, the promissory note and subsequent conveyances. The Superior Court (Cumberland County, *Fritzsche, J.*) granted Beverly's motion for judgment on the pleadings on May 17, 1989 and issued. a judgment in her favor in light of that court's prior finding that the promissory note was invalid with respect to the attached conditions. Neil's resultant appeal to this court has been consolidated with his pending appeal from the judgment in the forcible entry and detainer action.

■ Neil argues first that the forcible entry must fail because the notice to quit was invalid for failure to comply with 14 M.R.S.A. § 6002 (Supp.1988). We agree. The notice to quit stated that it was directed against Neil as a tenant at will. It was dated February 26, 1988 and required Neil to surrender the premises on March 10, 1988. Section 6002 provides that "[t]enancies at will must be terminated by either party by 30 days notice, except as provided in subsection 1...." In turn, subsection 1 allows for seven days' notice where "the landlord can show, by affirmative proof, that the tenant has caused substantial damage to the demised premises which the tenant has not repaired or caused to be repaired. However, subsection (2) requires that "[a]ny notice of termination issued pursuant to subsection 1 shall indicate the specific ground claimed for issuing the notice." The only condition placed upon Neil in the 1982 lease was $5,000 annual rental. Therefore, the specific ground for this action must be rental arrearage and not damages to the premises.[1] Beverly failed to comply with the statutory requirements mandated for forcible entry and detainer actions against tenants at will. *Perreault v. Parker*, 490 A.2d 203, 205, n. 4 (Me.1985) (plaintiff had to fulfill notice requirement before he could maintain a forcible entry and detainer action against a tenant at will).

■ In addition, if the lease is valid and Neil is not occupying the premises as a tenant at will but "as a tenant holding under a written lease," then a forcible entry and detainer action can only be maintained against him at the expiration or forfeiture of the term. 14 M.R.S.A. § 6001

---

1. At trial, however, there was evidence regarding the need for repairs to the premises.

(Supp.1988). *Rubin v. Josephson*, 478 A.2d 665 (Me.1984) (construing a version of Section 6001(1) which is identical to the present section). In the case at bar, the term of the lease was for ten years, and there is no question of expiration. In *Rubin*, we stated that the "specific question presented [as in the case at bar,] is does Section 6001 require that the non-payment of rent by the defendant result in forfeiture of the term of the written lease before the plaintiffs can exercise the right to forcible entry and detainer?" *Rubin*, 478 A.2d at 667. Addressing that question, we held in *Rubin* that a forfeiture provision shall be strictly construed against the party seeking to enforce it. Therefore, where the lease did not expressly state that non-payment of rent constitutes forfeiture, we held that Section 6001 could not be construed as implying that nonpayment of rent resulted in forfeiture. *Rubin*, 478 A.2d at 669–70. In the lease between Neil and Beverly, there is no provision whatsoever for forfeiture. Therefore, the action for forcible entry and detainer cannot be sustained. Accordingly, we need not address Neil's various claims of an ownership interest in the property.

■ Neil next contends that Beverly was negligent in her official capacity as the District Court Clerk in Bridgton in failing to docket and file the promissory note. He seeks damages for his injury. Beverly responds that Neil's negligence claim is barred by *res judicata*. Beverly bases her *res judicata* argument on Neil's appeal of the District Court's contempt action ruling which incorporated the Superior Court's instruction upon remand that the promissory note conditions were invalid. However, there was never any final judgment upon the validity of the promissory note because the District Court ruled solely on the ground of contempt. *See generally, Beegan v. Schmidt*, 451 A.2d 642, 644 (Me. 1980). On appeal from the District Court's contempt judgment, we expressly held that "the Superior Court's assessment of the note ... was unnecessary to the final determination that MacKerron was not in contempt." *MacKerron*, 553 A.2d at 1252. *See Sevigny v. City of Biddeford*, 344 A.2d 34, 38 (Me.1975) (relitigation is not barred by an interlocutory judgment; the fact or question at issue must be determined by the final judgment). Therefore, Neil's claim is not barred by *res judicata*.

■ Furthermore, we find that the Superior Court erred in granting Beverly's motion for judgment on the pleadings in the negligence action. A defendant's motion for judgment on the pleadings is the equivalent of a defendant's motion to dismiss for failure to state a claim. 1 Field, McKusick & Wroth, *Maine Civil Practice*, § 12.14 at 253 (2d ed. 1970). *See Burke v. Hamilton Beach Division, Etc.*, 424 A.2d 145, 148 (Me.1981). Both a motion to dismiss for failure to state a claim and a motion for judgment on the pleadings "test[ ] the legal sufficiency of the complaint." *See* 1 Field, McKusick & Wroth, § 12.11 at 248. The question of sufficiency of the entire complaint may be determined on appeal "as a pure question of law." *Burke*, 424 A.2d at 148. "[A] complaint is sufficient unless it appears *to a certainty* the plaintiff is entitled to no relief under any set of facts he might prove in support of his claim." *Forbes v. Osteopathic Hospital of Maine*, 552 A.2d 16, 18 (Me.1988) (quoting *Jones v. Billings*, 289 A.2d 39, 40 (Me.1972) (emphasis added)). We do not find it a certainty that Neil is not entitled to relief on his negligence claim under any set of facts he might prove in its support. In addition, Beverly's assertion of affirmative defenses cannot support her motion. A defendant is barred from relying upon an affirmative defense when making a motion for judgment on the pleadings, just as when making a motion to dismiss for failure to state a claim. 1 Field, McKusick & Wroth, § 12.14 at 253.

The entry is:

Judgments vacated on both the forcible entry and detainer action and the negligence action. Remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.