STATE OF MAINE

CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-192
RAC-CUM- 9/27/2002

DONALD L. GARBRECHT
LAW LIBRARY

OCT 4 2002

DAVD M. BANKS REALTY d/b/a
RE/MAX BY THE BAY and

MARIBETH STAVRAND,

       Plaintiffs

       v.

MANFRED ZORN,

       Defendant

ORDER

The matter before this court is the Plaintiffs' motion for partial judgment on the pleadings pursuant to M.R.Civ.P. 12(c).

## FACTS

In January 2001, Manfred Zorn (Defendant) and a nonparty real estate broker entered into an exclusive right to sell listing agreement, which pertained to the sale of the Defendant's home located in Falmouth, Maine. *Def.'s Countercl.* ¶ 1. While the agreement was still in effect, Maribeth Stavrand (Plaintiff), who knew or should have known about the agreement, solicited the Defendant to enter into a brokerage agency contract for the potential sale of the Defendant's home to a particular buyer. *Id.* ¶¶ 2-5. In June 2001, the Defendant signed the contract based on the understanding that the Plaintiff would earn a commission only if the Plaintiff's buyer actually bought the Defendant's home. *Id.* ¶ 6. The contract between the Defendant and the Plaintiff turned out to be an exclusive

right to sell listing agreement. *Id.* ¶ 7. The Plaintiff's buyer, however, failed to buy the Defendant's home. *Id.* ¶ 8. In October 2001, another buyer who was not connected to the Plaintiff purchased the Defendant's home. *Id.* ¶ 9. Pursuant to the terms of the January 2001 agreement, the Defendant paid a commission to the nonparty real estate broker. *Id.* ¶ 10.

Plaintiff along with Plaintiff David M. Banks Realty d/b/a RE/Max, a Maine business corporation, filed a suit against the Defendant for breaching the terms of their agreement. *Pl.'s Compl.* ¶¶ 1, 20-22. The Defendant filed an answer as well as a counterclaim against the Plaintiffs for negligence, negligent misrepresentation, fraudulent misrepresentation, and unfair trade practice pursuant to 5 M.R.S.A. §205-A et seq. *Def.'s Countercl.* ¶¶ 12-31.

## DISCUSION

A motion for judgment on the pleadings pursuant to M.R.Civ.P. 12(c) tests the complaint's legal sufficiency, or, in the current case, it tests the Defendant's counterclaim. *See* MacKerron v. MacKerron, 571 A.2d 810, 813 (Me. 1990). Such a motion is the procedural equivalent of a motion to dismiss, whereby the nonmoving party's allegations are accepted as true and viewed in a light most favorable to that party. *See* Cunningham v. Haza, 538 A.2d 265, 267 (Me. 1988).

One of the prerequisites for bringing a private action under the Maine Unfair Trade Practices Act is that the claimant must have suffered a loss of either money or of real or personal property. 5 M.R.S.A. §213(1) (2002). In addition, the claimant's action must be for "actual damages, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper." 5 M.R.S.A. §213(1) (2002). In the present case, the Defendant's

2

counterclaim averred that the Plaintiff was engaged in a trade or in commerce, that the Defendant contracted for services with the Plaintiff thereby suffering a monetary loss, and that the Plaintiff's actions amounted to an unfair trade practice.

The Plaintiff argues that the Defendant's counterclaim must be dismissed because the Defendant failed to allege an actual loss of money or property, as opposed to a theoretical harm. *See* Bartner v. Carter, 405 A.2d 194, 203-04 (Me. 1979). Moreover, the Plaintiff contends that the Defendant could not recover for an unfair trade practice because the he failed to state a claim for restitution. *See id.* However, when this court views the counterclaim in a light most favorable to the Defendant, he has set forth "(1) a short and plain statement . . . showing that [he] is entitled to relief, and (2) a demand for judgment for the relief which [he] seeks." M.R.Civ.P. 8(a). Therefore, at this stage of the proceedings it does not appear to a certainty that the Defendant is not entitled to relief under any set of facts that might support his counterclaim. *See* MacKerron, 571 A.2d at 813.

Wherefore this court shall **DENY** the Plaintiffs' motion for partial judgment on the pleadings.

Dated: September 27, 2002

_____
Roland A. Cole
Justice, Superior Court

3

MARIBETH STAVRAND   - PLAINTIFF

Attorney for: MARIBETH STAVRAND
FRANK K N CHOWDRY
CLEVELAND & CHOWDRY
BOWDOIN MILL, SUITE 204
ONE MAIN STREET
TOPSHAM ME 04086

DAVID M BANKS REALTY - PLAINTIFF

Attorney for: DAVID M BANKS REALTY
FRANK K N CHOWDRY
CLEVELAND & CHOWDRY
BOWDOIN MILL, SUITE 204
ONE MAIN STREET
TOPSHAM ME 04086

vs
MANFRED ZORN   - DEFENDANT

Attorney for: MANFRED ZORN
BRADFORD A PATTERSHALL
PETRUCCELLI, MARTIN & HADDOW, LLP
50 MONUMENT SQUARE
PO BOX 17555
PORTLAND ME 04112-8855

**DOCKET RECORD**

STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2003 MAY 30 P 4: 04

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-192
RAC-CUM- 5/30/2002

DAVD M. BANKS REALTY d/b/a
RE/MAX BY THE BAY and
MARIBETH STAVRAND,

Plaintiffs

v.

MANFRED ZORN,

Defendant



DONALD L. GARBRECHT
LAW LIBRARY

JUN 17 2003

ORDER

Before this court is the Plaintiffs' Motion for Partial Summary Judgment and the Defendant's Cross Motion for Partial Summary Judgment. Both motions pertain to Count IV of the Defendant's Counterclaim and are made pursuant to M.R.Civ.P. 56(c).

## FACTS

Defendant Zorn owned a house in Falmouth, Maine, which he wanted to sell. As a result, Defendant Zorn agreed to exclusively list his house with a non-party real estate broker, H. Bud Singer, who worked for Town & Shore Associates. This listing agreement was in effect on June 6, 2001.

Plaintiff RE/MAX Plaintiff, a real estate agency, employed Plaintiff Stavrand, a licensed associate real estate broker. Plaintiff Stavrand knew that Defendant Zorn had listed his house with H. Bud Singer and Town & Shore Associates. After reading the statements of material facts and the cited record it is unclear whether Defendant Zorn had withdrawn his listing with H. Bud

Singer and Town & Shore Associates. Nevertheless, on June 6, 2001, Defendant Zorn entered into a listing agreement with the Plaintiffs giving them the exclusive right to sell his house.

H. Budd Singer and Town & Shore Associates sold Defendant Zorn's house. Consequentially, in October 2001, Defendant Zorn paid Town and Shore Associates a $36,750.00 commission. Plaintiffs RE/MAX and Stavrand filed suit for a breach of contract. The Defendant filed a counterclaim alleging, among other things, a violation of the Maine Unfair Trade Practices Act (UTPA), pursuant to 5 M.R.S.A. § 213, in Count IV.

## DISCUSION

When deciding the present motion, this court must consider the following:

A summary judgment is warranted when the statement of material facts and the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, cited in the statement of material facts establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶4, 817 A.2d 877, 879 (citing M.R.Civ.P. 56(c), (h)). The Defendant, who has brought the UTPA counterclaim, must establish a prima facie case for each element of that counterclaim. See Doyle v. Dep't of Human Servs., 2003 ME 61, ¶9, ___A.2d___. If the Defendant fails to present sufficient evidence to establish an essential element of the UTPA counterclaim, then this court will grant the Plaintiffs' motion for partial summary judgment. See id.

Did the Plaintiffs violate the UTPA? Because Plaintiff Stavrand was an associate real estate broker she was required to "comply with all requirements of the laws governing real estate commission brokerage licenses and any rules

2

adopted by the [Maine Real Estate] [C]ommission." 32 M.R.S.A. § 13273(1)(D) (1999). Therefore, Plaintiff Stavrand has a duty to comply with the following rule:

> A licensee shall not solicit a brokerage agency contract from a seller or buyer if the licensee knows, or acting in a reasonable manner should have known, that the buyer or seller has contracted with another agency for the same brokerage services on an exclusive basis. This section does not preclude an agency from entering into a brokerage agency contract with a seller or buyer, when the initial contract is initiated by the seller or buyer, provided that the brokerage contract does not become effective until the expiration or release of the previous contract.

Me. Dep't of Professional and Financial Regulation Reg. 331.10 (July 23, 1994) (clarifying and establishing standards for practicing real estate brokerage).

According to the Defendant, when Plaintiff Stavrand solicited business from the Defendant, whom she knew was already represented by another broker, she should have also been aware, or made herself aware, that H. Bud Singer and Town & Shore Associates were the exclusive listing agent for Defendant Zorn. Essentially, Defendant Zorn argues that the Plaintiffs' actions amount to UTPA violation under 5 M.R.S.A. § 207 because the Plaintiffs violated the abovementioned statute and regulation by wrongfully soliciting Defendant Zorn's business and then attempting to profit from their actions by suing Defendant Zorn. Binette v. Dyer Library Ass'n, 688 A.2d 898, 906 ("although failure to honor a statutory mandate is not a *per se* violation of the UTPA, it may constitute evidence of an unfair or deceptive act."). As was mentioned above, the statements of material facts are not clear as to whether Defendant Zorn withdrew his exclusive listing with H. Bud Singer and Town & Shore Associates. Yet the Plaintiffs admit that Defendant Zorn's contract with H. Bud Singer and

Town & Shore Associates was in effect when the Plaintiffs and Defendant Zorn contracted. Hence, the Plaintiffs may have violated the UTPA.

Has Defendant Zorn presented sufficient evidence to establish all of the elements of his UTPA claim? The UTPA states in pertinent part:

> Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 or by any rule or regulation issued under section 207, subsection 2 may bring an action either in the Superior Court or District Court for *actual damages*, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper.

5 M.R.S.A. § 213(1) (2002) (emphasis added).

The Plaintiffs point to a statement of material fact supporting their contention that Defendant Zorn has not suffered a loss of money or property due to the Plaintiff's alleged UTPA violation. On the other hand, Defendant Zorn points to a statement of material fact in which he claims to have suffered "actual damages" as stated in the UTPA by paying over $5200 in legal fees and costs to defend himself against the Plaintiffs' lawsuit. Actual damages are defined as "[a]n amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses." BLACK'S LAW DICTIONARY 394 (7th ed. 1999). By common understanding, attorney's fees and costs do not factor into this definition. Although Defendant Zorn mentioned in his memo that he faced liability for breach of contract, i.e., actual damages that might be assessed in the future, he did not include this fact in his statement of additional material facts. Hence, when this court looks at the statements of material facts, which it must

4

when deciding these motions, Defendant Zorn has failed to establish a prima facie case for each element of his UTPA counterclaim.

WHEREFORE, this court shall **GRANT** the Plaintiffs' Motion for Partial Summary Judgment on Count IV of the Counterclaim and **DENY** the Defendant's Cross Motion for Summary Judgment on Count IV of the Counterclaim. The clerk may incorporate this **ORDER** into the docket by reference pursuant to M.R.Civ.P. 79(a).

Dated: May _30_, 2003

Roland A. Cole
Justice, Superior Court

MARIBETH STAVRAND   - PLAINTIFF

Attorney for: MARIBETH STAVRAND
FRANK K N CHOWDRY
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


DAVID M BANKS REALTY - PLAINTIFF

Attorney for: DAVID M BANKS REALTY
FRANK K N CHOWDRY
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


vs
MANFRED ZORN   - DEFENDANT

Attorney for: MANFRED ZORN
BRADFORD A PATTERSHALL
PETRUCCELLI, MARTIN & HADDOW, LLP
50 MONUMENT SQUARE
PO BOX 17555
PORTLAND ME 04112-8555

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00192

**DOCKET   RECORD**