STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-02-164
JLH - PEN - 1/17/2003

New Hampshire Indemnity Co.,
    Plaintiff

v.

Brett L. Dunton et al.,
    Defendants

DONALD L. GARBRECHT
LAW LIBRARY

JAN 22 2003

Order on Motion for Judgment
on the Pleadings

FILED & ENTERED
SUPERIOR COURT

JAN 17 2003

PENOBSCOT COUNTY

Pending before the court is the plaintiff's motion for judgment on the pleadings in this action for declaratory judgment. Through its motion, the plaintiff seeks an order, based on the construction of an insurance contract, establishing the limits of its liability to the defendants. The policy central to this case had been issued by the plaintiff to a third-party and has relevance to legal claims that the defendants pursued against that third party-insured.

Through an order dated December 23, 2002, the court gave the parties an opportunity to address the question of whether, at the time the covered loss occurred, there were in effect certain provisions of the policy that may be important in determining the parties' rights and liabilities in this case. Those provisions are set out in form PP 03 09 04 86. In response to the December 23 order, the plaintiff filed a supplemental argument pointing out that the declaration sheet to the insurance contract expressly provides that form PP 03 09 04 86 was part of the policy. Copies of the declaration sheet, along with the remaining portions of the policy, were attached to the complaint, and the plaintiff alleged in the complaint that that policy was in effect at the time of the accident that led to the covered loss. Complaint at ¶ 3. In their responsive pleading, the defendants admitted these allegations. Further, in framing the issue presented for a declaratory judgment, the plaintiff alleged that the parties disagreed about the applicable

limit of coverage generated by the loss, that would be covered by *that* policy. *Id.* at ¶ 6. The defendants also admitted that allegation.

Against this background of allegations and admissions, the court is satisfied that the record establishes the applicable terms of the insurance policy and that the motion at bar can be analyzed on the basis of the policy that consists of the terms found in the documents attached to the complaint.[1]

Analytically, a motion for judgment on the pleadings invokes the same inquiry as a motion to dismiss for failure to state a claim. *MacKerron v. MacKerron*, 571 A.2d 810, 813 (Me. 1990). The complaint must be examined to determine whether, on the basis of the pleadings alone, the opposing party might be entitled to relief. *Id.* A motion for judgment on the pleadings may be granted only if, on the basis of the parties' pleadings, it appears "*to a certainty*" that the movant will be entitled to the relief sought in the case and the opposing party will be entitled to no relief. *Id.* (emphasis in original). Because the insurance policy was incorporated by reference into the complaint and because the defendants have admitted that that document is the controlling instrument, the court treats the provisions of the policy as one part of the pleadings and therefore available for consideration in the context of the motion at bar. *Cf. Sargent v. Sargent*, 622 A.2d 721, 722 n.3 (Me. 1993) (substance of extrinsic material that is included within a pleading may be considered for purposes of a rule 12 motion to dismiss).

The pleadings establish that in May 2001, Dianna Dunton died of injuries she sustained in a motor vehicle accident in which Joseph Mitton was also involved. Mitton had a policy for automobile liability coverage, and the plaintiff was the insurer. The

---

[1] In its recent filing, the plaintiff points out the reference in the declaration sheet to the form. That form was already part of the record in this case because it was attached to the complaint and because the defendants, in their responsive pleading, agreed that that policy – in the form it took as an attachment to the complaint – was the operative document. Additionally, however, the plaintiff submitted a copy of the police report from the fatal accident in order to establish the date of the accident. This might have some importance if there were a question of whether the loss occurred during the time this specific policy was in effect. The court would not consider that extrinsic document (even aside from the restrictions set out in 29-A M.R.S.A. § 2251(7)) because of the limited nature of the motion at bar. Nonetheless, because of the state of the parties' pleadings, there does not exist a question about the terms of the policy that control the determination of the plaintiff's maximum liability to the defendants.

defendants at bar are the adult sons and co-personal representatives of Dianna Dunton's estate, and they claim that the fatal accident was caused by Mitton's negligence. The defendants' claims against Mitton have been resolved, subject only to the determination of the amount of coverage that may be available under Mitton's policy with the plaintiff.[2] Because the defendants are Dunton's heirs, *see* 18-A M.R.S.A. § 2-103(1),[3] they would be entitled to receive any recovery available under the wrongful death statute, 18-A M.R.S.A. § 2-804.

The declaration sheet of Mitton's policy with the plaintiff provides for personal injury liability coverage of $50,000 for each person and $100,000 for each accident. As stated in form PP 03 09 04086, the pertinent terms of the policy provide, "The limit of liability shown in the. . .Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of service or death, arising out of 'bodily injury' sustained by any one person in any one auto accident." The policy defines "bodily injury" as "bodily harm, sickness or disease, including death that results."

The plaintiff argues that the defendants' claims are based on the "bodily injury" sustained by one person, namely, Dianna Dunton, and that the limits of its liability under the split limit insurance policy is therefore $50,000. The defendants contend that there are two claimants (namely, the two defendants themselves), that those claimants may be entitled to separate recoveries under section 2-804, and that the "each person" limitation in the policy is consequently inapplicable.

---

[2] Although not specifically addressed by the parties, the provisional resolution of the defendants' claim against Mitton makes the dispute presented here, in the form of an action for declaratory judgment, an appropriate one for judicial decision. The parties at bar are participants in a "genuine controversy," *see Patrons Oxford Mutual Ins. Co. v. Garcia*, 1998 ME 38, ¶ 4, 707 A.2d 384, 385, and because of the posture of the defendants' claims against the plaintiff's insured, a determination of the parties' rights and obligations would be more than an advisory opinion. *See Liberty Mutual Ins. Co. v. Weeks*, 404 A.2d 1006, 1008 n.4 (Me. 1979).

[3] There is no suggestion in the record that anyone other than the defendants are the heirs of Dianna Dunton. Further, the defendants have submitted copies of Probate Court documents confirming that they are the heirs of their mother's estate. Although these materials exceed the proper scope of the record on a motion for judgment on the pleadings, these facts are not in issue in this case.

Here, neither party suggests that the pertinent provisions of the policy at issue are ambiguous. The meaning of the terms of an unambiguous insurance contract is determined as a matter of law. *Acadia Ins. Co. v. Buck*, 2000 ME 154, ¶ 8, 756 A.2d 515, 517.

> The interpretation of an unambiguous contract "must be determined from the plain meaning of the language used and from the four corners of the instrument without resort to extrinsic evidence.". . .Furthermore, there is a long-standing rule in Maine, which provides that:
>> A contract of insurance, like any other contract, is to be construed in accordance with the intention of the parties, which is to be ascertained from an examination of the whole instrument. All parts and clauses must be considered together that it may be seen if and how one clause is explained, modified, limited or controlled by the others.

*American Protection Ins. Co. v. Acadia Ins. Co.,* 2003 ME 6, ¶11, --- A.2d ---, ---.

In the context of a different type of claim, the Law Court has held that virtually identical policy language limits the insurer's exposure to the amount of coverage for "each person," when there is only one person who sustained "bodily injury" as defined in the policy. In *Gillchrest v. Brown*, 532 A.2d 692 (Me. 1987), the plaintiffs consisted of a husband who sustained bodily injury and his wife who pursued a consortium claim. *Id.* at 692. The Court held, "Simple analysis of that language leads to only one interpretation: the phrase 'sustained by any one person' modifies the immediately preceding words 'bodily injury,' and not the earlier words 'all damages.' Thus the 'each person' limits should be read to apply to 'all damages [arising out of the] bodily injury [that is] sustained by any one person.'" *Id.* at 693 (brackets in original). The Court noted that the wife's consortium claim was not based on her own bodily injury but rather was derivative of her husband's injury. Therefore, her claim did not trigger the policy limits associated with "each accident."

Similarly, here, the defendants' recovery under Mitton's policy will be predicated on the bodily injury sustained by Dianne Dunton and pursued through section 2-804. They themselves have not suffered "bodily injury" as defined in the insurance policy. Although *Gillchrest* construes the language at issue here in the context of a consortium claim, the principle of that case is dispositive here because the claims of the defendants at bar, as with that of Ms. Gillchrest, rest on bodily injury sustained by another, single

person. Thus, the applicable limit of coverage is the one that is triggered when only one person sustains bodily injury, even though more than one person may be entitled to recover damages based on that person's bodily injury.

This is the result reached by the "vast majority" of courts that have considered whether the policy limits associated with a "bodily injury" sustained by one person apply even where more than one person may recover on the basis of that person's bodily injury. *Daley v. United Services Automobile Ass'n*, 541 A.2d 632, 633 (Ct.App.Md. 1988). *See generally* 8 BLASHFIELD AUTOMOBILE LAW AND PRACTICE § 323.9 and cases cited at n.1 (3d ed. rev. 1987 & Supp. 2001); W.B. Shipley, Annotation, *Construction and Application of Provision in Liability Policy Limiting the Amount to Insurer's Liability to One Person*, 13 A.L.R.3d 1228, § 4 (1967 & Supp. 1999).

*Valliere v. Allstate Ins. Co.*, 596 A.2d 636 (Ct.App.Md. 1991), cited by the defendants, does not lead to a different result. The insurance policy at issue in that case defined "loss of services" as a form of "bodily injury." *Id.* at 637-38. Thus, the decedent in that case and the decedent's wife each sustained "bodily injury" – the husband because of his physical injuries, and the wife because of the loss of her husband's consortium (a "loss of services"). Precisely because the defendants at bar did *not* sustain bodily injury as that term is defined in the policy at issue, the only person who did sustain such injury is limited to the decedent, and the lower policy limit applies.

Finally, the defendants' reliance on *Shaw v. Jendzejek*, 1998 ME 208, 717 A.2d 367, is not persuasive, because that case does not address the central question presented here, which is how many claimants sustained "bodily injury" in the accident to which the policy applies. Despite the fact that both defendants have legal claims that are independent of any *rights* that the decedent may have had, the level of coverage provided by the tortfeasor's policy rests on a different inquiry, namely, whether one person or more than one person sustained "bodily injury" in the accident. Thus, the defendants' rights may be independent, but the claims are entirely the consequence of "bodily injury" to another.

The entry shall be:

Declaratory judgment entered by the court. For the foregoing reasons, the insurance policy issued by the plaintiff to Joseph Mitton provides for a maximum amount of liability coverage in the amount of $50,000 for all claims arising out of the death of Dianna R. Dunton caused by injuries she sustained in a motor vehicle accident. Judgment is entered for the plaintiff, and the plaintiff is awarded its costs of court.

Dated: January 16, 2003

Justice, Maine Superior Court
Jeffrey L. Hjelm

NEW HAMPSHIRE INDEMNITY COMPANY - PLAINTIFF

Attorney for: NEW HAMPSHIRE INDEMNITY COMPANY
JOHN B LUCY
RICHARDSON WHITMAN LARGE & BADGER
ONE MERCHANTS PLAZA, SUITE 603
PO BOX 2429
BANGOR ME 04402-2429

vs
BRETT L DUNTON PR EST DIANNA DUNTON  - DEFENDANT

Attorney for: BRETT L DUNTON PR EST DIANNA DUNTON
MARTHA HARRIS
PAINE LYNCH & HARRIS
PO BOX 1451
BANGOR ME 04402-1451

KIRK W DUNTON PR EST DIANNA DUNTON  - DEFENDANT

Attorney for: KIRK W DUNTON PR EST DIANNA DUNTON
MARTHA HARRIS
PAINE LYNCH & HARRIS
PO BOX 1451
BANGOR ME 04402-1451

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2002-00164

DOCKET RECORD

Filing Document: COMPLAINT                          Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 09/19/2002

## Docket Events:
09/19/2002 FILING DOCUMENT - COMPLAINT FILED ON 09/19/2002
           EXHIBIT A ATTACHED

09/19/2002 Party(s):  NEW HAMPSHIRE INDEMNITY COMPANY
           ATTORNEY - RETAINED ENTERED ON 09/19/2002
           Plaintiff's Attorney: JOHN B LUCY

09/19/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 09/19/2002
           FORWARDED TO PLAINTIFF'S ATTORNEY

09/25/2002 Party(s):  BRETT L DUNTON PR EST DIANNA DUNTON
           ATTORNEY - RETAINED ENTERED ON 09/25/2002
           Defendant's Attorney: MARTHA HARRIS

09/25/2002 Party(s):  KIRK W DUNTON PR EST DIANNA DUNTON
           ATTORNEY - RETAINED ENTERED ON 09/25/2002
           Defendant's Attorney: MARTHA HARRIS

09/25/2002 Party(s):  BRETT L DUNTON PR EST DIANNA DUNTON, KIRK W DUNTON PR EST DIANNA DUNTON
           RESPONSIVE PLEADING - ANSWER FILED ON 09/25/2002
           DEFENDANTS ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT.

09/26/2002 ORDER - SCHEDULING ORDER ENTERED ON 09/26/2002
           JEFFREY L HJELM , JUSTICE