STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-012
PA: YOV 5/7/2003

TIM Q. LY,

Plaintiff

v.

DOROTHY LAFORTUNE,

Defendant

ORDER ON DEMAND FOR
JURY TRIAL AND MOTION
FOR STAY OF WRIT OF POSSESSION

DONALD L. GARBRECHT
LAW LIBRARY

MAY 14 2003

Dorothy Lafortune was the owner of real estate at 22 Graham Street in Biddeford. She became embroiled in a long, difficult dispute with the City of Biddeford involving unpaid property taxes and sewer charges and her contentions that the City was acting unfairly and even dishonestly. The City eventually, for a variety of tax years, attempted to acquire her real estate through a tax lien foreclosure. The City on June 21, 2002 granted a municipal quitclaim deed to Tim Ly. Mr. Ly requested that Ms. Lafortune move from the house that she had lived in for a long time. When she declined to do so, this eviction action was brought in the District Court in Biddeford.

Judge Douglas conducted a hearing and issued a comprehensive thoughtful memorandum of decision and order dated February 6, 2003. In it he concluded that for the tax commitment of August 1998 the City followed all of the necessary procedures and properly foreclosed on her property. He granted judgment for the plaintiff and authorized a writ of possession to issue. The defendant filed a timely appeal, a timely demand for jury trial de novo and a motion for stay of writ of possession.

An appeal by jury trial *de novo* is governed by Rule 80D(f)(2), M.R.Civ.P. Pursuant to Rule 80D(f)(2)(A) the party seeking a jury trial shall file an affidavit or affidavits "setting forth specific facts showing that there is a genuine issue of material fact to which there is a right to trial by jury." Rule 80D(f)(3) requires the court to review the affidavits and determine "whether there is a genuine issue of material fact as to which there is a right to trial by jury."

Affidavits were submitted by Ms. Lafortune and her friend Mr. Castora. Nothing in either of the affidavits indicates that there is a genuine issue of material fact to which there is a right to trial by jury. For example, Ms. Lafortune states that she has a defense that the foreclosure was in retaliation for her exposing corruption within the City government. Neither *Perreault v. Parker*, 490 A.2d 203, 205-6 (Me. 1985) nor 14 M.R.S.A. 6001(3), presumption of retaliation, would apply in this case.

The Court rules provide that,

"If the court finds that the appellant has not shown in light of all the affidavits and the whole record that there is a genuine issue of material fact as to which there is a right to trial by jury, it shall enter judgment dismissing the appeal; provided that, if either party has raised an independent question of law in the notice of appeal, the court shall review the record pertaining to it. If the court finds that a properly raised question of law is material to a legal claim or defense, the appeal shall proceed as provided for appeals on questions of law in paragraph (1) of this subdivision."

See Rule 80D(f)(5), M.R.Civ.P.

Therefore, since the affidavits submitted do not demonstrate a right to trial by jury the next question is whether she has raised an independent question of law in the notice of appeal. The notice of appeal states only that there are questions of law as to interpretation of statute. It does not say what they are even in brief form. An initial review of the decision of Judge Douglas and the record does not indicate what the alleged legal error would be or suggest that a legal error exists.

2

Therefore, as the defendant has not shown that she is entitled to a jury trial and has not presented "a properly raised question of law" the appeal is dismissed.

The entry is:

Appeal dismissed. Writ of possession to issue.

Dated:    May 7, 2003

Paul A. Fritzsche
Justice, Superior Court

Jens-Peter W. Bergen, Esq. - PL
Roger M. Champagne, Esq. -   DEF

3