STATE OF MAINE
YORK, ss.

SUPERIOR COURT
Civil Action
Docket No. CV-16-0200

JILL A. KEHOE,
            Plaintiff

v.

ORDER

THORNTON ACADEMY,
            Defendant

Plaintiff Jill A. Kehoe filed a complaint against her employer, Thornton Academy, in August 2016 alleging a violation of Maine's Equal Pay Act, 26 M.R.S.A. § 628 (count I) and breach of the collective bargaining agreement ("CBA") between the Trustees of Thornton Academy and the Thornton Academy Teacher's Union (count II). Defendant removed the case to the United States District Court for the District of Maine (the "District Court"). After removal, Plaintiff filed an amended complaint dropping Count II. Plaintiff also moved to remand the action to state court. Defendant moved to dismiss the sole remaining count of Plaintiff's amended complaint. The District Court (*Torreson, C.J.*) granted Plaintiff's motion and remanded the action back to this court.

Following the remand, Plaintiff filed a second amended complaint on January 27, 2017 essentially re-asserting a violation of 26 M.R.S.A. § 628 (count I) and adding a new count, violation of 26 M.R.S.A. § 629 (unfair agreement) (count III).[1] Defendant

---

[1] Count II of the second amended complaint stated: "Dismissed in District Court." Plaintiff filed a "corrected" second amended complaint on February 9, 2017, making two minor changes to the count III of the second amended complaint. Count I has remained consistent throughout all of Plaintiff's complaints.

1

subsequently filed a motion for judgment on the pleadings as to the third count of Plaintiff's corrected second amended complaint.

Defendant's motion for judgment on the pleadings as to count III is before the court. Defendant's motion to dismiss count I, which was filed but not addressed in federal court, also appears to be before the court for consideration.

Both motions test the legal sufficiency of the complaint. 2 Harvey, *Maine Civil Practice* § 12:14 at 429-30. The court considers the facts alleged in the complaint (and other relevant and appropriate extraneous materials) in the light most favorable to the Plaintiff. *MacKerron v. MacKerron*, 571 A.2d 810, 813 (Me. 1990); *see also Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43.

After reviewing and considering the positions set forth in the supporting and opposing memoranda filed by counsel, the court rules as follows and the entry shall be:

1. Defendant's motion to dismiss count I, dated October 24, 2016, is DENIED.

2. Defendant's motion for judgment on the pleadings as to count III, dated February 21, 2017, is DENIED.

Dated:   June 19, 2017

Wayne R. Douglas
Justice, Maine Superior Court

2

CV-16-200

ATTORNEY FOR PLAINTIFF:
DONALD FONTAINE
LAW OFFICES OF DONALD FONTAINE
P O BOX 7590
PORTLAND ME  04112

ATTORNEYS FOR DEFENDANT:
LINDA MCGILL
ANN M FREEMAN
BERNSTEIN SHUR SAWYER & NELSON
P O BOX 9729
PORTLAND ME  04104